## SIMPSON *et al.* v. ENNIS, administrator.

1. One who purchases land from the heirs at law of a deceased person, and, in order to remove an incumbrance from the property, pays a debt made by such person in his lifetime, to secure which a deed to the land was given, is subrogated to all the rights of the creditor whose debt he has extinguished.

2. Where such a purchaser sells to various persons the land thus acquired, and afterwards the administrator of the deceased person, appointed subsequently to the conveyance made by the heirs at law, brings suits in ejectment to recover as the property of his decedent the land thus sold, in order to subject it to judgments which have been obtained against him as administrator, the purchaser from the heirs at law is entitled to be reimbursed the amount paid by him in extinguishment of the security deed before the administrator can proceed with the suits in ejectment.

Argued October 18,—Decided November 9, 1901.

Petition for injunction.    Before Judge Henry.    Floyd superior court.    August 14, 1901.

*McHenry & Maddox, Dean & Dean, Halsted Smith,* and *W. J. Neel,* for plaintiffs:    The decedent's rights in the land vested in the heirs at his death, and the contract with the heirs for its redemption by the plaintiffs was as binding on the administrator as if made with the decedent:    Civil Code, § 3358; *Carruthers* v. *Bailey*, 3 *Ga.* 108; *Thompson* v. *Sandford*, 13 *Ga.* 238; *Miller* v. *Speight*, 61 *Ga.* 461; *Pope* v. *Marshall*, 78 *Ga.* 637;

*Cross* v. *Johnson,* 82 *Ga.* 67.    The title to the land having been conveyed by the security deed, the decedent at the time of his death had only an equity of redemption; and a tender of the amount due was a condition precedent to any suit for the enforcement of his rights: *Broach* v. *Barfield,* 57 *Ga.* 601; *Middlebrooks* v. *Warren,* 59 *Ga.* 231; *Gibson* v. *Hough,* 60 *Ga.* 588; *Phinizy* v. *Clark,* 62 *Ga.* 623; *Carter* v. *Gunn,* 64 *Ga.* 651; *Dykes* v. *McVay,* 67 *Ga.* 502; *Groves* v. *Williams,* 69 *Ga.* 614; *Oellrich* v. *Ga. R. Co.,* 73 *Ga.* 389; *Roland* v. *Coleman,* 76 *Ga.* 652; *Brice* v. *Lane,* 90 *Ga.* 295; *Daniel* v. *Wilson,* 91 *Ga.* 238 (4); *Swift* v. *Lucas,* 92 *Ga.* 796; *Marshall* v. *Hodgkins,* 99 *Ga.* 593.    On the payment by the plaintiffs of the secured debt, and the delivery to them of the notes and the security deed, they were subrogated to the rights of the secured creditor; and being entitled to a conveyance, the cancellation of the security deed, coupled with the conveyance by the heirs at law, under the contract with the heirs, put into the plaintiffs a good title:    *Dutcher* v. *Hobby,* 86 *Ga.* 198; *Henry* v. *McAllister,* 93 *Ga.* 670 (2); *VanPelt* v. *Hurt,* 97 *Ga.* 662; *Ashley* v. *Cook,* 109 *Ga.* 653 (1, 5).    As to subrogation:    24 Am. & Eng. Enc. L. (1st ed.) 188, 192, 260, 278; Sheldon, Sub. (2d ed.) §§ 1, 3, 11, 13, 14, 19, 28, 29, 30, 34, 35, 40, 49, 187, 216, 241, 243, 245, 247, 248; 2 Beach, Eq. Jur. 867; *McWilliams* v. *Bones,* 84 *Ga.* 203; Crumlester's adm'r *v.* Central Improvement Co. (W. Va.), 23 L. R. A. 128, notes; Spalding *v.* Harvey (Ind.), 13 L. R. A. 619; Scott *v.* Dunn, 30 Am. Dec. 174; Crippen *v.* Chappel, 57 Am. Rep. 187.

*Harris, Chamlee & Harris* and *W. S. Kelley,* for defendant, cited:    2 Beach, Eq. Jur. § 819; Kelly *v.* Kelly, 54 Mich. 47; Dwight *v.* Lumber Co., 82 Mich. 629.

LEWIS, J.    The plaintiffs in error filed their equitable petition in Floyd superior court, making substantially the following case.    On June 1, 1888, George P. Burnett made a conveyance of certain described realty in Floyd county to the Georgia Loan & Trust Co., to secure a debt of $2,500, and in the fall of 1889 he died without having paid the debt or having had the title to the property in question reconveyed to him.    The only heirs at law of George P. Burnett were H. P. Burnett and Mrs. Jessie B. Stephens, and on April 30, 1890, they conveyed this land to the petitioners for a valuable consideration.    At the time the petitioners purchased the land,

there had been no administration on the estate of George P. Burnett, and it was represented to the petitioners by the heirs at law and their attorney in fact that there were no debts against the estate except the one due the Georgia Loan & Trust Co. and some State and county taxes, which amounts it was agreed that the petitioner should pay out of the purchase-money of the land. Accordingly, on March 12, 1891, petitioners paid to the Georgia Loan & Trust Co. $2,675, in full satisfaction of the debt contracted by George P. Burnett, and also paid the outstanding taxes against the property, causing the clerk of the superior court of Floyd county to enter upon his records a satisfaction of the debt. Petitioners went into possession of the land under their deed from the heirs at law, and afterwards sold portions of it to various persons named, and to others whose names are not remembered. In April, 1895, C. W. Underwood qualified as administrator of the estate of George P. Burnett, but during his administration made no attempt to recover, by suit or otherwise, any portion of the land which had been conveyed to petitioners by the heirs at law. Underwood died, and in November, 1899, W. H. Ennis qualified as administrator de bonis non, and shortly thereafter instituted suits in ejectment, seeking to recover as the property of George P. Burnett the different parcels of land which had been sold off by petitioners, all of which was embraced in the tract purchased by them from the heirs at law of George P. Burnett. They allege that these heirs at law are non-residents of this State, and are both insolvent; that they are informed and believe that one of them, Mrs. Stephens, is dead; that they are therefore remediless to recover on their warranty; and inasmuch as the title to the land now claimed as the property of George P. Burnett was not in Burnett at the time of his death, but was redeemed by petitioners after his death, they insist that as against George P. Burnett, even if he were in life, and against his creditors and heirs, they have a higher claim to the property in dispute, both in law and equity. They assert that they are subrogated to the rights of the Georgia Loan & Trust Co.; and that, if it is necessary to sell the property of George P. Burnett to pay his debts, the administrator can not recover the real estate described until he has first paid petitioners the amount which they paid as taxes, and also the amount paid by them to the Georgia Loan & Trust Co. to redeem the property, with interest. They accord-

ingly pray, for an injunction restraining Ennis as administrator from prosecuting the several ejectment suits now pending, or from instituting any further suits of like character for the recovery of the land in dispute, or any part thereof, until he shall have done full and complete equity by the payment of these amounts; for process; and for such other and further relief as to the court may seem proper.

To this petition the defendant filed a demurrer, which is not here considered, as it does not appear from the record what action was taken by the court thereon. He also filed an answer, admitting the substantial allegations of fact contained in the petition, but denying that the plaintiffs had any legal or equitable right to relief in the premises; claiming that by their failure to ascertain whether or not the representations made to them by the heirs at law were true they purchased the land at their peril, and took the chances of there being any debts against the estate, and that they took no greater interest in the land than was owned by the heirs at law, who in turn had no title to the property that was not subject to be administered as the estate of George P. Burnett. He denied that the plaintiffs were entitled to be subrogated to the rights of the Georgia Loan & Trust Co., and claimed that the payment to that company by the plaintiffs of the amount to secure which the deed was given by Burnett was made for the purpose of disincumbering the title of the heirs at law to the property, and that the title thereby vested absolutely in George P. Burnett and his heirs, subject to administration by the administrator of George P. Burnett for the purpose of paying the debts of the estate. The evidence for the plaintiffs supported the material allegations of their petition; that for the defendant consisted of a memorandum showing judgments quando acciderint against Ennis as administrator, amounting to $2,589.22, besides costs, a memorandum of an order granted by the ordinary of Floyd county, giving leave to Ennis as administrator to sell the lands in dispute, and an affidavit by Ennis as administrator to the effect that he had no assets of the estate and knew of none which he could obtain without bringing suit to recover the realty disposed of by the heirs of George P. Burnett after his death. After hearing argument, the court refused the injunction prayed for, and the plaintiffs excepted.

1. "One of the most familiar instances of the application of the

doctrine of subrogation is where the purchaser of incumbered property, without having assumed the incumbrance, pays it off, in order to protect his own interest, or to perfect his own title; in such cases, it is uniformly held that he is entitled to be subrogated to the position of the incumbrancer, in respect of all the latter's securities, rights, remedies, and priorities." 24 Am. & Eng. Enc. L. (1st ed.) 253. So, also, in Sheldon on Subrogation, § 3, we find enumerated, among those who are entitled to subrogation as a matter of right, independently of agreement, a purchaser who has extinguished an incumbrance upon the estate which he has purchased. This rule is in thorough conformity with the equitable principle, upon which the doctrine of subrogation is founded, and is supported by numerous authorities and by adjudicated cases in this and other States. In New York it has been held that where one conveyed lands to his wife, who died intestate leaving a number of heirs, and afterwards judgment creditors of the husband had the deed to the wife set aside as fraudulent, one of the heirs of the wife, who had succeeded by purchase to the rights of nearly all the other heirs, was entitled to pay off the judgments and be subrogated to the rights of the judgment creditors. See Cole *v.* Malcolm, 66 N. Y. 363. In Gooch *v.* Botts, 110 Mo. 419, it was held that where one, who had acquired title to a tract of land by a decree of court and was in possession, paid, in good faith, an existing incumbrance thereon, and the decree was afterwards reversed on writ of error, the party in possession was entitled in equity to be subrogated to the rights of the holder of the incumbrance and to hold possession as mortgagee until repayment of the outlay. In Coudert *v.* Coudert, 43 N. J. Eq. 408, a widow, supposing herself to be the sole devisee of lands under a will which was in fact void, paid off with her own money and canceled on the record a mortgage on part of the lands devised to her. She was held to be entitled to have the lien of the mortgage reinstated to secure the money so paid by her, and the lands sold to satisfy it. The courts of many other States have made similar rulings, and in Georgia also there are repeated decisions which sustain this principle. *Corbally* v. *Hughes*, 59 *Ga.* 493, was a case where a vendor, retaining the legal title, gave to the vendee a bond for title and took her notes for the purchase-money of land, and, before the notes fell due and the money was paid, a judgment was obtained against the vendor and the land lev-

ied upon. The vendor was notified, but failed to relieve the land from the levy and incumbrance of the judgment. The property was sold, and the vendee, to protect her possession, was forced to buy the title of the purchaser at the sheriff's sale, the vendor being insolvent. This court held that the vendee might set up by equitable plea the partial failure of consideration in defense of the notes, and that a verdict for the balance due, after deducting from the notes the amount necessarily expended to make good her possession, would be upheld. This case, while differing somewhat as to the facts, is in principle clearly controlling of the case under consideration; for it plainly recognizes the equitable right of one who purchases land, and takes up an incumbrance thereon in order to protect his title, to be subrogated to all the rights of the incumbrancer in the land. The same principle is upheld, also, in the cases of *English* v. *English*, 69 *Ga.* 636 (2), and *Parrott* v. *Baker*, 82 *Ga.* 364 (3). The case of *Swift* v. *Lucas*, 92 *Ga.* 796, we think also tends to support the rule of law which we have announced. In that case it was held that, where land is conveyed by an absolute deed to secure a loan, bond for titles being given for a reconveyance to the debtor upon payment of the debt, and the latter has no property except his interest in the land, the remedy of another creditor who obtains judgment against the debtor after the execution of the deed is to redeem the land by discharging the debt for which it is held as security, and then cause it to be levied upon and sold. The equitable petition in that case failed to conform to the legal requirements; but Lumpkin, J., in the opinion on page 799, uses the following language: "If Swift [the judgment creditor] should pursue the course above indicated, the note would, of course, become his property, and he would be subrogated to all the rights of Hollingsworth [the holder of the security deed], and hold the title to the land as security for the payment of the note, just as Hollingsworth did."

It matters not that the plaintiffs below were ignorant, at the time they bought the land in dispute from the heirs at law of George P. Burnett, of outstanding debts against the estate, of inferior dignity to that secured by the deed to the Georgia Loan & Trust Company; nor is it of any consequence that they did not expect, when they redeemed the land, to be called upon to assert their right to subrogation. That right will be enforced, though they may

have been in ignorance of its existence at the time it accrued. 24 Am. & Eng. Enc. L. (1st ed.) 192.

2. We think it is clear, therefore, that the plaintiffs below were entitled to be subrogated to the rights of the Georgia Loan & Trust Company with respect to the land in dispute. If that be so, it necessarily follows that they were entitled to the equitable relief for which they prayed. It can hardly be questioned that if the status of the parties had remained as it was before the plaintiffs took up this debt and canceled the security deed, the administrator could not have proceeded to eject the Georgia Loan & Trust Company from the land without first paying in full the debt which incumbered it. The plaintiffs, having succeeded to all of the rights which that company had in the land, occupy a position no less advantageous with respect thereto; and it is their right, in order to protect the warranty given by them to their subsequent vendees, to be reimbursed the amount which they paid to the Georgia Loan & Trust Company in extinguishment of its debt, as well as the amount paid by them for taxes on the property; for, of course, what has been said with reference to the payment of the debt due the Loan Company applies equally to the payment by them of the taxes to protect their title. They are entitled to equitable relief also in order to prevent the multiplicity of suits which would arise by virtue of the purchasers from them falling back on their warranty of title; because, as the administrator has now in his hands no funds with which to meet this condition precedent to the prosecution of the ejectment suits, the plaintiffs will thereby be rid of any further danger from that source.

In view of what is here laid down, we are clearly of the opinion that the court erred in refusing to grant the injunction prayed for by the plaintiffs.

*Judgment reversed.    All the Justices concurring.*