## RAGAN *v.* STANDARD SCALE COMPANY.

Where one purchases a certain piece of property against which there are two recorded mortgages, and pays off the senior mortgage out of the purchase-money, and it is cancelled, equity will not, in the absence of an agreement between the parties to that effect, subrogate him to the rights of the senior mortgagee, as against the other incumbrancer, whose lien was subject to the senior mortgage but prior to the purchase.

Submitted April 20,—Decided June 15, 1907.

Equitable petition.      Before Judge Wright.      Floyd superior court.   May 15, 1906.

The Standard Scale Company filed an equitable petition against Ragan, and alleged the following facts: On May 26, 1902, one Corley executed and delivered to the Exchange Bank of Rome certain promissory notes for the principal sum of $240, and secured

the notes by a mortgage on one "DeLoach Paragon" planer, and the mortgage was recorded on May 27, 1902. Subsequently Corley executed to Ragan a mortgage covering the same property, which was recorded on October 8, 1902; and "sometime during the month of November, 1902, petitioner bought said property from said Corley for the sum of $200 and out of said purchase-price it [plaintiff] paid the Exchange Bank of Rome the sum of $160, said amount being the balance due said bank upon said note and mortgage held by it. Upon receipt of said sum, said bank cancelled its said · mortgage and surrendered the same to Corley." Ragan obtained a judgment in the city court against Corley on Corley's note and mortgage to him, and the execution was levied on the property described in the mortgage; and to this levy the Standard Scale Company interposed a claim. Corley is insolvent and has left the State. It was prayed "that said Ragan be enjoined from proceeding further with said case in the city court, until this cause can be heard and disposed of; that petitioner be subrogated to the rights of said bank, as against said property; that said Ragan be required to pay . . petitioner the sum of $160, with eight per cent. interest thereon from November 6, 1902; and that upon failure to pay said amount with interest, said property be found not subject to the mortgage fi. fa. held by said Ragan." The case was submitted to the presiding judge upon an agreed statement of facts, which accorded with the foregoing statement; and the court rendered judgment as follows: "that the property levied upon and claimed in said cause be, and the same is hereby found not subject to the lien of plaintiff's fi. fa., unless plaintiff in fi. fa. [Ragan] pay over to claimant [Standard Scale Company] within thirty days from the date hereof the sum of $160, with eight per cent. interest thereon from November 6, 1902." Ragan excepted.

C. E. Davis and John W. & G. E. Maddox, for plaintiff in error.

Dean & Dean, contra.

BECK, J. (After stating the facts.)

1. The doctrine of subrogation was ably discussed by Justice Cobb in the case of Wilkins v. Gibson, 113 Ga. 31, where the rule was announced (p. 47) that "subrogation will arise only in those cases where the party claiming it advanced the money to pay a debt which, in the event of default by the debtor, he would be bound

35

to pay, or where he has some interest to protect, or where he advanced the money under an agreement, express or implied, made either with the debtor or creditor, that he would be subrogated to the rights and remedies of the creditor." The case of *Simpson* v. *Ennis,* 114 *Ga.* 202, which is relied upon by the defendant in error to support the ruling of the court below, is not in point in the case at bar. In that case Simpson purchased certain lands from the heirs of a deceased person. At the time of the purchase it was represented to Simpson by the heirs and their attorney that there were no other debts against the estate, except one due the Georgia Loan & Trust Company and some State and county taxes, which it was agreed that the purchaser should pay out of the purchase-money, and which he did so pay. There is nothing in the record to show that the purchaser had either actual or constructive notice of any other debts due by the decedent. Subsequently to this conveyance the defendant qualified as administrator of the estate of said deceased, and brought an action of ejectment against the grantees of Simpson to recover, as the property of the decedent, the lands thus sold, in order to subject them to judgments which had been obtained against him as administrator. Simpson filed an equitable petition to enjoin the administrator from prosecuting the ejectment suits until he should have reimbursed the petitioner for the amounts paid by him in extinguishing the debt to the Georgia Loan & Trust Company; and this court very properly held that the plaintiff was subrogated to the rights of the creditor whose debts he had extinguished, as against the plaintiff in the ejectment suits. In the present case, however, the plaintiff purchased a piece of property against which there were two recorded mortgages. He paid off the senior mortgage, and "the bank [the holder thereof] cancelled its said mortgage and surrendered the same to Corley," the plaintiff's vendor; and the plaintiff now seeks to be subrogated to the rights of the bank as against the holder of the junior incumbrance.

The rule in such cases is thus stated in Sheldon on Subrogation (2d ed.), 48: "Where the purchaser from a mortgagor pays off the mortgage and has it discharged, without more, equity will not subrogate him to the rights of the mortgagee against an incumbrancer whose lien is subject to the mortgage, but prior to the purchase." And in 27 Am. & Eng. Enc. of Law (2d ed.), 238,

it is said: "A purchaser of property who has discharged an incumbrance thereon will be subrogated to the lien of such incumbrance as against the holders of other incumbrances of which he had no notice, but not as against the holders of other incumbrances of which he had notice, either actual or constructive." See also *Woodside* v. *Lippold,* 113 *Ga.* 877. When the Standard Scale Company purchased the property in controversy from Corley and paid off the mortgage to the bank, it did so with constructive, if not actual notice that Ragan held another mortgage against the same property; and it is not contended that the Scale Company made any agreement with either the debtor or the creditor that it was to be subrogated to the rights and priorities of the bank. Under the rule above announced, it follows that the court erred in holding that the plaintiff was subrogated to the lien of the bank as against the mortgage held by Ragan.

 *Judgment reversed. All the Justices concur.* 