## PEAGLER v. DAVIS.

1. The owner of real estate executed a mortgage on it to a banking corporation, to secure a debt due to the bank. The president of the mortgagee and the mortgagor agreed that in consideration of the former paying to the bank the mortgagor's indebtedness, and to the mortgagor such additional sum as would total a certain amount, he would buy the property. It was further agreed between them that the purchaser was to be subrogated to the rights and remedies of the mortgagee. The purchaser paid to the mortgagee the mortgage debt, and the mortgagor executed to the purchaser a deed to the property. At the time of the taking of the deed the purchaser did not know of a judgment against the mortgagor, the execution issuing on which was entered in the clerk's office on the same day the deed was given. In ignorance of the prior judgment the purchaser requested the bank to mark the mortgage satisfied, and it was also marked canceled on the record. *Held*, that the purchaser was entitled, by virtue of the agreement made with the mortgagor, to be subrogated to the rights and remedies of the mortgagee whose mortgage was paid by the purchaser.

2. Where a purchaser buys land and takes a deed thereto, and subsequently pays a prior lien on the property, he is subrogated to the rights and remedies of such prior lien, as against a lien which is superior to his title.

3. A stockholder, though incompetent to take an acknowledgment of a mortgage as a notary, because he is a stockholder of the mortgagee corporation, is not incompetent as a non-official witness to the signature of the mortgagor.

4. The value of property can not be established by the amount at which it is listed by a real-estate broker for sale.

5. Testimony which does not illustrate any issue made by the pleadings should be repelled.

6. Certain excerpts from the charge were open to the criticism that they were not properly adjusted to the facts of the case.

7. A purchaser of land, entitled to subrogation to the rights and remedies of a prior encumbrancer, whose lien he discharges, can not, as against an intervening lien, assert title on the ground that the land is not worth more than the lien he discharged. His subrogation is limited to the remedies of the lien creditor to whose rights he becomes subrogated.

JANUARY 12, 1915.

Claim. Before Judge Frank Park. Grady superior court. November 12, 1913.

H. J. Peagler recovered a judgment against J. R. Everett on July 22, 1909. Fi. fa. issued thereon and was duly entered on the general execution docket, July 28, 1909. It was afterwards levied upon a certain lot of land in the city of Cairo. Walter Davis, on September 2, 1910, interposed a claim, and the case was returned to the superior court of Grady county for trial. At the trial the

claimant was allowed to file an equitable amendment in aid of his claim, in which it was alleged: that the defendant in fi. fa., J. R. Everett, was indebted to the Cairo Banking Company in the principal sum of $1,276, which indebtedness was secured by a certain mortgage upon the property levied upon, dated February 1, 1909, and due October 15, 1909; that on the 28th of July, 1909, Everett represented to the claimant, who was the president and a stockholder in the Cairo Banking Company, that he was unable to pay the mortgage, and requested the claimant to assume the indebtedness to the bank; that the claimant, being desirous that the bank should not be forced to the necessity of foreclosing the mortgage, and being desirous of owning the property, agreed, in consideration of paying to the bank all the indebtedness which Everett owed to the bank, including the amount due on the mortgage and also a debt of $95.25 which Everett owed him, and such other sum as would make the purchase-price amount to $1,400, to buy the property levied upon. It was further agreed between Everett and the claimant that the latter was to be subrogated to the rights of the Cairo Banking Company. In accordance with this agreement the claimant caused Everett to make him a deed of conveyance to the property, and the claimant paid to the Cairo Banking Company the mortgage in full, which, with the indebtedness to him, amounted to the agreed purchase-price. At the time of this transaction the claimant, not knowing of any subsequent lien or incumbrance on the property, requested the Cairo Banking Company to mark its mortgage satisfied, which was done, and the mortgage was delivered to the clerk of the superior court of Grady county and canceled upon the record. The claimant was ignorant that there had been a judgment obtained against Everett. Nor did the claimant know of the lien of the Dyson Manufacturing Company for material furnished to improve the property levied upon, which was an outstanding lien. At the time of such transaction there was no lien or incumbrance recorded against the property, except the mortgage of the Cairo Banking Company and the lien of the Dyson Manufacturing Company; and claimant did not know that sometime during the day the plaintiff's execution was recorded on the general execution docket. Claimant had no knowledge of any execution or lien against the defendant at the time he requested the Cairo Banking Company to mark the mortgage satisfied. It was

further alleged, that the mortgage was a higher and better lien than the judgment of the plaintiff; that the claimant had paid the taxes upon the property since he owned the same, and also paid the lien of the Dyson Manufacturing Company ($20.25) ; that he was not a mere volunteer, and if he should be subrogated to the rights of the Cairo Banking Company and the Dyson Manufacturing Company the plaintiff in fi. fa. will not be placed in a worse position than he was prior to the payment to the Cairo Banking Company and the lien of the Dyson Manufacturing Company. Wherefore he prayed, that the Cairo Banking Company and the Dyson Manufacturing Company and J. R. Everett be made parties to the action, and that the conveyance by the defendant in fi. fa. have the legal effect of conveying the unincumbered title to the claimant, and, in the event the property should be found subject to the fi. fa., that the claimant be subrogated to the rights of the Cairo Banking Company and to the rights of the Dyson Manufacturing Company, and that the mortgage of the Cairo Banking Company and the lien of the Dyson Manufacturing Company be set up as liens against the property according to their respective dates and rights of priority, and a decree be had adjudging that the claimant have the first and highest lien upon the property, that the mortgage be revived and foreclosed, and that upon a sale thereof the funds arising therefrom be applied, first, to the payment of the principal and interest due on the Cairo Banking Company's mortgage and the lien of the Dyson Manufacturing Company, and to the payment of such taxes, repairs, and insurance as may have been paid by the claimant, less the rent collected since he has had the property in his possession; and for general relief. The plaintiff in fi. fa. demurred generally and specially to the equitable amendment. The general demurrer was overruled, and certain special demurrers were sustained. The plaintiff filed an answer to the amendment; and the case came on to be tried upon the issues therein made, and resulted in a verdict for the claimant. A motion for new trial was overruled, and exception is taken to the overruling of the demurrer, as well as to the judgment overruling the motion for new trial.

*R. C. Bell, J. S. Weathers, H. C. Parker,* and *Little, Powell, Hooper & Goldstein,* for plaintiff.

*Roscoe Luke, M. L. Ledford,* and *C. E. Hay,* contra.

EVANS, P. J. (After stating the foregoing facts.)

1, 2. The statute pertaining to the registration of transfers and liens requires the clerk of the superior court of each county to keep a general execution docket; and it is provided that, as against the interests of third persons acting in good faith and without notice, who may have acquired a transfer or lien binding the property of the defendant, any money judgment obtained within the county of the defendant's residence, shall be a lien upon the property of the defendant from its rendition, if the execution issuing thereon shall be entered on the general execution docket within ten days from the time the judgment is rendered. Civil Code (1910), § 3321. In the instant case the record upon the general execution docket was made within ten days from the date of the judgment, and therefore the lien of the judgment upon which the fi. fa. is proceeding dates from the judgment, which is superior to the deed made to the claimant by the defendant in fi. fa. The claimant sought to protect himself by claiming subrogation to the rights and remedies of the Cairo Banking Company, whose mortgage he paid. In *Wilkins* v. *Gibson,* 113 *Ga.* 31, 47 (38 S. E. 374, 84 Am. St. R. 204), after an elaborate review of the authorities, it was held that "subrogation will arise only in those cases where the party claiming it advanced the money to pay a debt which, in the event of default by the debtor, he would be bound to pay, or where he had some interest to protect, or where he advanced the money under an agreement, express or implied, made either with the debtor or creditor, that he would be subrogated to the rights and remedies of the creditor." It is under the latter provision of the rule thus announced that the claimant seeks to bring his case. He makes the specific allegation that he advanced the money to the Cairo Banking Company under an express agreement with the mortgagor that he would be subrogated to the rights and remedies of the mortgagee. If such be the facts, and the demurrer admits them to be true, then the claimant is entitled to be subrogated to the rights of the Cairo Banking Company to the extent of the money he paid to it. *Ragan* v. *Standard Scale Co.,* 128 *Ga.* 544 (58 S. E. 31). If the claimant's title should fail on account of the superior lien of the plaintiff's judgment, he also would be entitled to be reimbursed for such moneys as he may have expended in discharge of valid liens upon the same after he became the owner of

the property. The doctrine of subrogation will be applied so as to reimburse one who has been compelled to pay the debt of a third person in order to protect his own rights or to save his own property. 37 Cyc. 446. The claimant alleges that since he acquired title he has been forced to pay the duly recorded lien of the Dyson Manufacturing Company and certain taxes. As to these items he is entitled to subrogation by operation of law. The court therefore properly overruled the general demurrer. A ground of special demurrer, as to certain sums not covered by the mortgage alleged to have been paid to the Cairo Banking Company, was properly sustained; and the ground which demanded that the amount of taxes which had been expended since the purchase should be alleged should have been sustained. The other grounds of special demurrer were without merit, and were properly overruled.

3. The mortgage from J. R. Everett to the Cairo Banking Company was attested by two witnesses, one of whom was a notary public. It appeared from the evidence that the non-official witness was a stockholder of the mortgagee corporation; and it is insisted that he is incompetent on that account to be an attesting witness. This court held, in *Southern Iron & Equipment Co.* v. *Voyles,* 138 *Ga.* 258 (75 S. E. 248, 41 L. R. A. (N. S.) 375, 29 Ann. Cas. (1913D) 369), that a stockholder of a corporation bears such financial relation to it that he is disqualified from attesting, as a notary, a mortgage to which the corporation is a party. The rule was said to be founded on a sound public policy, which forbade an official from taking an acknowledgment of an instrument in which he had a beneficial interest, though he may not in strict law be a party to it. The statute permits recordation of a mortgage only on the attestation or acknowledgment of certain officials, or upon the affidavit of a non-official witness. All officials authorized by law to attest a mortgage so as to entitle it to registration act under their oath of office, and a wise public policy requires that such officials should be disinterested and entirely impartial as between the parties. Impartiality of conduct is best secured by denying an interested official the power to act where he is, or may be, pecuniarily benefited by the transaction. It does not follow, however, that a stockholder, though incompetent to take an acknowledgment of the corporation's deed, is likewise incompetent as an attesting witness. There is no reason to extend the public policy

which forbids the former so as to include the latter. An unofficial attesting witness does not act under oath of office, and is not selected because of that impartiality of conduct to be presumed of a sworn official. Besides, the statute declares that a mortgage "must be executed in the presence of, and attested by or proved before, a notary public or justice of any court in this State, or a clerk of the superior court (and in case of real property by one other witness), and recorded." Civil Code (1910), § 3257. An individual who is not a party to a mortgage may attest it as a witness. Under the doctrine of corporate entity, the corporation's mortgage is not the mortgage of the stockholder; and it has been held that notwithstanding an acknowledgment of a deed before a notary, who was at the time a stockholder of the grantor corporation, is not good as an acknowledgment, nevertheless such certification may be allowed to stand for the notary's attestation as a non-official witness. Spink v. Guarantee Bank & Trust Co., 181 Ala. 272 (61 So. 302). We hold that one, though incompetent to take an acknowledgment of a mortgage as a notary because he is a stockholder of the mortgagee corporation, is not incompetent as a non-official witness to the signature of the mortgagor. See Maddox v. Wood, 151 Ala. 157 (43 So. 968) ; 1 C. J. 807.

4. The court allowed in evidence an advertisement in a local newspaper of a real-estate firm, proposing to sell the property in controversy for the sum of $1,400. This testimony was irrelevant to any question made in the pleadings. If the purpose of the advertisement was to show that the value of the property was that named in the advertisement, which was the sum contracted to be paid for it by the claimant, the evidence was clearly inadmissible and should have been repelled. The value of property can not be established by showing the amount for which it is listed in a real-estate office.

5. The claimant was allowed to testify that he had put some improvements on the land, including a fence, a crib, barns, and some things of that sort, at an expense of about $150 or $200. This testimony was objected to on the ground that there was nothing in the pleadings to authorize it. The objection was well taken, and the evidence should have been excluded.

6. In several excerpts from the charge, upon which error is assigned in the motion for new trial, in stating the law of subroga-

tion, the court referred to the deed from the defendant in fi. fa. to the claimant as a lien. In the equitable amendment to his claim, and the evidence introduced in support of its allegations, the insistence of the claimant was that the deed from the defendant in fi. fa. to himself was one of bargain and sale, executed under the circumstances alleged in the equitable amendment. The charges were inaccurate in referring to the claimant's deed as a lien.

7. The jury were instructed that if the claimant was entitled to be subrogated to the rights of the lienors whose liens he discharged, and they found the property was not worth more than the sum paid to discharge such liens by the claimant, a verdict would be authorized finding the property not subject. This instruction was error. The claimant, if entitled to subrogation, is entitled to the remedies of the lienors whose liens were discharged by him. *Simpson* v. *Ennis,* 114 *Ga.* 202 (39 S. E. 853). Under subrogation the claimant is entitled to no other or different remedies than those of the creditors to whose rights he is subrogated, even though the property be proved to have been worth no more than the liens which he discharged. Their claim against the property is one of lien, and not of title.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*