### FLOURNOY PLUMBING COMPANY INC. *v.* HOME OWNERS LOAN CORPORATION *et al.*

No. 10741. NOVEMBER 16, 1935.

*Hendrix & Buchanan* and *Clifford Hendrix,* for plaintiff in error.

*N. M. Patten, E. S. Ault, John W. Crenshaw, Richard H. Peters, Alexander McLennan, C. S. Winn, W. H. Mewbourne, J. C. Savage, Jones, Fuller & Clapp, Carler, Carter & Johnson,* and *Dorsey, Shelton & Pharr,* contra.

RUSSELL, Chief Justice. Mrs. Denton sold a house and lot to Mrs. Bullock, who assumed an indebtedness secured by a deed to the property, and executed to Mrs. Denton a series of notes and a second security deed for part of the purchase-price. The indebtedness secured by these deeds being in default, and certain tax executions against Mrs. Bullock having been paid and taken up by the holders of these deeds, she procured a loan from the Home Owners Loan Corporation, which paid off the liens and taxes referred to above. In the application for the loan Mrs. Bullock agreed to give to the corporation "a first lien on the property herein described," and the loan deed contained the following stipulation: "First party further agrees that the second party, its successors or assigns, shall be subrogated to all right, title, lien, or equity of all persons to whom it may have paid moneys in settlement of liens, charges, or in acquisition of title of or for its benefit hereunder, or for the benefit and account of the first party at the time of making the loan evidenced by this security deed, or subsequently under any of the provisions herein." The security deeds and tax fi. fas. which were paid by Home Owners Loan Corporation were canceled of record. Several months before the loan was made by the Home Owners Loan Corporation to Mrs. Bullock there was recorded on the general execution docket of Fulton County an execution based on a judgment obtained in the municipal court of Atlanta in favor of Flournoy Plumbing Company against Mrs. Bullock. This execution was overlooked by the title examiners of the Home Owners Loan Corporation. The judgment and execution were of later date than the security deeds and tax fi. fas. which were paid by the Home Owners Loan Corporation. Flournoy Plumbing Company had this execution levied on the property conveyed by Mrs. Bullock to the Home Owners Loan Corporation, and that corporation filed a petition against the plaintiff in fi. fa., the levying officers, and others, praying that enforcement of the levy be enjoined, that the cancellation of the security deeds and tax executions which had been paid off and discharged by petitioner be set aside and revoked, that petitioner be decreed to be subrogated to the rights of the holders of the liens discharged by petitioner, that petitioner be decreed to have a first lien upon the property levied on, to the amount advanced by petitioner; and for general relief. A demur-

rer was filed, but the court did not rule on it. At interlocutory hearing, after the introduction of evidence, the court granted an injunction restraining proceedings under the levy until further order. The evidence was not conflicting, the petitioner substantially proving the material facts alleged in the petition. The defendant excepted, assigning error on the grant of the injunction as contrary to law.

There being no conflict in the evidence, as a question of law alone was presented, the court did not err in enjoining the attempt of the Flournoy Plumbing Company to invalidate and void the superiority of lien acquired by the Home Owners Loan Corporation by the agreement between the borrower and the lender that it, as lender, should be "subrogated to all right, title, lien, or equity of all persons to whom it may have paid moneys in settlement of liens, charges, or in acquisition of title of or for its benefit hereunder, or for the benefit or account of the party of the first part at the time of making the loan evidenced by this security deed, or subsequently under any of the provisions herein." The Flournoy Plumbing Company, by obtaining its judgment, did not acquire any lien superior to the claims and demands against Mrs. Bullock which were paid by the Home Owners Loan Corporation from the funds advanced to her as a loan. In *Wilkins* v. *Gibson*, 113 *Ga.* 31 (38 S. E. 374, 84 Am. St. R. 204), it was held: "One who advances money to pay off an encumbrance upon realty at the instance either of the owner of the property or the holder of the encumbrance, either upon the express understanding, or under circumstances from which an understanding will be implied, that the advance made is to be secured by a first lien on the property, is not a mere volunteer; and in the event the new security is for any reason not a first lien on the property, the holder of such security, if not chargeable with culpable and inexcusable neglect, will be subrogated to the rights of the prior encumbrancer under the security held by him, unless the superior or equal equities of others would be prejudiced thereby; and to this end equity will set aside a cancellation of such security and revive the same for his benefit." See also *Peagler* v. *Davis*, 143 *Ga.* 11 (84 S. E. 59, Ann. Cas. 1917A, 232). So far as appears from the record, the rights of Flournoy Plumbing Company will not be prejudiced by a legal recognition of the

validity of the subrogation in this case, for the reason that the execution which Flournoy Plumbing Company is seeking to enforce is inferior in priority to the encumbrances which were paid off by Home Owners Loan Corporation.

*Judgment affirmed. All the Justices concur.*