**MARYLAND CASUALTY COMPANY, a corporation, Transferee of the Warren Company, Inc., a corporation**

v.

**Tommy BROWN, Carrie Daniel Tiller, Russell Welch, individually, and S. Philip Levetan, Mrs. J. B. Levetan and Abe I. Levetan, individually and as partners doing business as Dixie Iron and Metal Co.**

**Civ. A. No. 13427.**

United States District Court,
N. D. Georgia,
Atlanta Division.
Jan. 20, 1971.

Taylor, Edwards & Yancey, Atlanta, Ga., for plaintiff.

Samuel L. Eplan and James H. Weeks, Atlanta, Ga., for S. Philip Levetan, Mrs. J. B. Levetan & Abe I. Levetan d/b/a Dixie Iron & Metal Co.

Campbell & Campbell, Covington, Ga., for Carrie D. Tiller.

William L. Gower, Atlanta, Ga., for Tommy Brown and Russell Welch.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

O'KELLEY, District Judge.

Plaintiff, transferee of the Warren Company by subrogation brings this action against defendants for wrongful conversion of goods belonging to the Warren Company. It appears in the Complaint that defendants Brown, Tiller, and Welch, over a period of months, wrongfully took and converted materials from the possession of the Warren Company and sold them to the Levetans doing business as the Dixie Iron and Metal Company. The complaint further alleges that the Levetans purchased these materials knowing them to be converted or could have known such facts with reasonable inquiry.

Plaintiff as the surety of the Warren Company indemnified said company for its loss. Upon indemnification, plaintiff was given a written assignment of all claims and rights of the Warren Company, which reads in part as follows:

"The undersigned [The Warren Company, Incorporated] does also subrogate Maryland Casualty Company to all of its claims or rights against any third person or persons to the amount of the loss paid and expenses incurred in settlement thereof. * * *"

Plaintiff sues for $27,285.84 compensatory damages and $25,000.00 punitive damages. Defendants Levetan have moved for a summary judgment on the pleadings as to the exemplary damages. Their contention is that there is no genuine issue as to any material fact because plaintiff has no basis for seeking punitive damages. The right to compensatory damages is not contested by the motion.

This motion presents a case of first impression under the law of Georgia. It is a novel point about which little has been written.

Defendants' argument basically is that a subrogee has no right to recover exemplary damages in addition to compensatory damages. They cite 83 C.J.S. Subrogation § 52, at page 681 which reads:

> "Subrogation is limited to indemnification or reimbursement, and a surety will be subrogated to, and can enforce, the rights of the creditor only to the extent necessary to obtain reimbursement for the amount which the surety has actually paid."

To support this rule it cites Carolina Casualty Insurance Co. v. Local No. 612, etc., D.C., Ala., 1956, 136 F.Supp. 941, which dealt with the same issue. The Court in that case reasoned that while there were apparently no cases on the point, the issue was ruled by the principle that subrogation gives a right to indemnity only and is limited to the actual disbursements.

Defendant entreats the logic of the Court with that rule of "advancements" claiming that plaintiff would be unjustly enriched, relying on American Surety Co. of New York v. Bethlehem Nat. Bank, D.C., Pa., 1940, 33 F.Supp. 722.

Plaintiff responds by stating that an assignee has all the rights and claims of its assignor. It further raises the reasonable contention that punitive damages under Georgia law [Georgia Code Ann. § 105–2002] are to "deter the wrongdoer from repeating the trespass," so that it makes no difference who brings the action.

The Court has considered both contentions and concludes that defendants' motion must be sustained.

Although a right of action is assignable under Georgia Code Ann. § 85–1805, if it involves directly or indirectly a right of property, there is no authority apparent to the Court that punitive damages are assignable. On the other hand, there is no case authority in Georgia that such are not. The question arises as to whether punitive damages are a property right.

In the case at hand, plaintiff sues as transferee by subrogation. Suit is not brought for the use and benefit of a third party beneficiary. The issue can only be resolved by looking closer at the law of subrogation.

The party subrogated acquires all the rights, securities, and remedies which the creditor has against the debtor who is primarily liable, Peagler v. Davis, 1915, 143 Ga. 11, 84 S.E. 59, and the cause of action for unlawful conversion may be assigned, Information Buying Co. v. Morgan, 39 Ga.App. 292, 147 S.E. 128. We also find that a right to bring an action is property. Sterling v. Sims, 72 Ga. 51, whether actual or compensatory damages are involved, Louisville & N. R. Co. v. Street, 164 Ala. 155, 51 So. 306, but the right to punitive damages is not property, Louisville & N. R. Co. v. Street, *supra*. Cf. 25 C.J.S. Damages § 7, p. 636. See Miller v. Miller, 44 Pa. 170, to the extent that unliquidated damages are not property.

Looking further we see that since a subrogee takes the place of the creditor to whose rights he stands subrogated, it necessarily follows that the subrogee's right to sue for recovery of the amount advanced is likewise subject to the same limitations. Bickerstaff v. Ellis, 204 Ga. 734, 51 S.E.2d 821 (1949).

It should be pointed out that although plaintiff refers to the transfer of the cause of action as an assignment rather than subrogation, they are in legal effect, for the purposes herein, the same, for it is not necessary to complete a legal subrogation that the one to whose rights another is subrogated shall make a formal assignment of the rights to the subrogee. Peagler v. Davis, 143 Ga. 11, 84 S.E. 59 (1917).

Maryland Casualty honored its obligation to reimburse Warren for its loss and became subrogated to the party to whom it made payment, notwithstanding the use of the words "assign, convey, and transfer" in the settlement re-

ceipt signed by Warren. This is in accordance with the rule that subrogation effects an assignment by operation of law, but differing from an ordinary assignment of the debt in that such assignment assumes the continued existence of the debt, while subrogation follows upon its payment. 50 Am.Jur. Subrogation, § 4, page 681.

 As contended by defendants, plaintiff, as subrogee, is limited to indemnification only. 83 C.J.S. Subrogation § 14, page 614. The general rule in this country is that a subrogee is entitled to indemnity to the extent only of the money actually paid by him to discharge the obligation—the surety bond in this case—or, the value of the property applied for that purpose. 50 Am.Jur., Subrogation, § 119, page 760. To the same extent see 83 C.J.S. Subrogation § 52, page 681.

It was held in Cook v. Crow, La.App. 1939, 194 So. 455 that "The contract of suretyship is essentially a beneficent one and whilst the surety who paid was legally subrogated, he was so only to the extent of his actual and necessary payment * * * Indemnification and not profit is the measure of the surety's recourse against the principal * * *"

Referring to 50 Am.Jur. 760, § 119, the Court in Milan v. Kausch, 6th Cir. 1952, 194 F.2d 263 stated, "It is the general rule in subrogation that the subrogee is to be reimbursed only to the extent of the amounts paid in discharge of the obligation assumed by the subrogee."

Although there is no authority apparent to the Court that a subrogee under the law of Georgia is limited to indemnification, this Court concludes that to be the law and does so find. The Court further finds that punitive damages are not assignable as a property right under Georgia Code § 85–1805.

Thus, it does appear to the Court that the plaintiff is limited to the sum advanced to the Warren Company and may not sue for punitive damages. For these reasons, the motion for a summary judgment as to the exemplary damages is granted and it is so ordered.