492 So.2d 708 (1986)
Delores J. SCHWAB, As Personal Representative of the Estate of John F. Schwab, Etc., et al., Appellants,
v.
The TOWN OF DAVIE, Florida, United States Fidelity and Guaranty Company, and Allstate Insurance Company, Appellees.
No. 85-926.
District Court of Appeal of Florida, Fourth District.
July 16, 1986.
Rehearing Denied September 4, 1986.
*709 Shelley H. Leinicke of Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane, Fort Lauderdale, for appellants.
Burton E. Burdick, Fort Lauderdale, and Jeanne Heyward, Miami, for appellee Allstate Ins. Co.
HERSEY, Chief Judge.
This case presents the question of whether an insurer, Allstate, is entitled to subrogation by virtue of payments made by Allstate to its insured by way of uninsured motorist coverage where the insured subsequently makes a recovery from one who was a joint tortfeasor with the uninsured motorist.
Appellants in their representative capacities received in excess of $190,000 from Allstate after arbitration of their claim arising from the negligently caused death of their minor son. Subsequently, appellants successfully pursued a claim against the Town of Davie for negligent construction and maintenance of the roadway on which the accident occurred, which claim was settled for $100,000. The trial court found Allstate to be entitled, by way of subrogation, to the funds held by the town's insurer, United States Fidelity and Guaranty Company (USF & G), by virtue of having paid uninsured motorist benefits. USF & G was ordered to distribute the $100,000 to Allstate, which order is the subject of this appeal.
Appellants unsuccessfully argued below and maintain here that: (1) subrogation does not apply because the Town of Davie was not an owner or operator of a motor vehicle in connection with the negligence which gave rise to recovery; (2) appellee, Allstate, is not entitled to subrogation because the applicable policy provisions are ambiguous; (3) because Allstate was never a proper party below, it is not entitled to recover; and (4) in any event, appellants are entitled to the attorney's fees and costs incurred in their efforts to secure the $100,000 fund.
An insurer's right to subrogation does not violate public policy, Blue Cross of Fla., Inc. v. O'Donnell, 230 So.2d 706 (Fla. 3d DCA 1970), and may arise either by agreement or by operation of law. The general rule is that an insurer is entitled to be subrogated to any right of action which the insured has against third persons who caused the injury. Indiana Ins. Co. v. Collins, 359 So.2d 916 (Fla. 3d DCA 1978). Contrary to appellants' assertions, the provisions of the insurance policy involved here are not ambiguous, and the language of Condition 6(b)(1) and particularly the language in subsection (ii) of that paragraph, buttressed by paragraph (a) of Section 7, rather clearly defeat an interpretation that Allstate is not entitled to subrogation. Even if it were not so, the release and subrogation agreement executed by appellants at the time Allstate paid uninsured motorist insurance proceeds to them is sufficient to defeat any defense they might otherwise have had to Allstate's present claim. That release and agreement was perfectly appropriate to the occasion, and neither appellants nor their counsel are to be faulted for its execution and delivery. It simply carries the day here, as it should.
Nor is it of any consequence that Allstate was not a party to the underlying proceedings. Neither the law nor the parties' agreement attaches that condition precedent to the right to subrogation. See Holyoke Mutual Ins. Co. v. Concrete Equipment, Inc., 394 So.2d 193 (Fla. 3d DCA), rev. denied, 402 So.2d 609 (Fla. 1981); Titus v. Emmco Ins. Co., 109 So.2d 781 (Fla. 3d DCA 1959).
Appellants' position that the applicable case law entitles them to recoup attorney's fees and costs necessarily expended in pursuing the claim resulting in recovery *710 of the $100,000 from USF & G is well taken. Where there is no evidence of substantial assistance to the insured by the insurer asserting a right to subrogation, such fees and costs are appropriately deducted before the fund or claim is paid over to the insurer. See, e.g., Int'l Sales-Rentals Leasing Co. v. Nearhoof, 263 So.2d 569 (Fla. 1972); Gov't Employees Ins. Co. v. Graff, 327 So.2d 88 (Fla. 1st DCA 1976); Forsyth v. Southern Bell Telephone & Telegraph Co., 162 So.2d 916 (Fla. 1st DCA 1964). But the record does not contain a ruling on appellants' claim in this regard from the trial court, thus precluding our review of the issue at this time.
Accordingly, we affirm the order of distribution but remand to permit the trial court to consider the question of attorney's fees and costs.
AFFIRMED, BUT REMANDED FOR CONSIDERATION OF ATTORNEY'S FEES AND COSTS.
DOWNEY, J., and LEVY, DAVID L., Associate Judge, concur.