566 So.2d 318 (1990)
Mary Lou DeCarlo, Appellant,
v.
PALM BEACH AUTO BROKERS, INC. and Ronald Norman Freer, Appellees.
No. 88-2884.
District Court of Appeal of Florida, Fourth District.
August 15, 1990.
Rehearing and Rehearing Denied September 28, 1990.
William L. Contole and Cynthia A. Rudy of McManus, Wiitala & Contole, P.A., North Palm Beach, for appellant.
Steven A. Stinson of Jordan and Stinson, P.A., West Palm Beach, for appellee-Ronald Norman Freer.
Rehearing and Rehearing En Banc Denied September 28, 1990.
STONE, Judge.
The plaintiff in a personal injury claim appeals from a summary judgment for the defendant-Freer.[1]
Mary DeCarlo, injured in an automobile accident, made an uninsured motorists claim against Metropolitan Life Insurance Company for her policy limits of $100,000.00. Upon payment in full, DeCarlo signed a release of Metropolitan which included her personal injuries as well as property damage claim. The insurer then filed a subrogation action against Freer for DeCarlo's personal injuries and recovered a default judgment for the $100,000.00. The *319 action was brought in the name of DeCarlo "for the use and benefit of" Metropolitan. Several weeks after the judgment was entered, DeCarlo sought and was granted leave to intervene in that suit. However, because the judgment had been entered, DeCarlo elected not to seek, pursuant to rule 1.540, to have the judgment set aside in that action.[2] Rather, she instituted this separate personal injury suit. Freer was unsuccessful in his own effort to set aside the original judgment.
The appellee's motion for summary judgment in this case was argued on alternative defenses including claim splitting, res judicata and estoppel. We conclude that the second suit constituted a violation of the rule against splitting a cause of action. The subrogation action, clearly based on a negligence theory, claimed damages for bodily injury, pain and suffering, medical expenses, loss of earnings and future damages. An indivisible cause of action may not be split into multiple actions. Rather, all damages incurred as the result of a wrongful act must be recovered in a single suit or the balance of the damages are lost, absent a stipulation to the contrary. E.g., Mims v. Reid, 98 So.2d 498 (Fla. 1957).
In Rosenthal v. Scott, 150 So.2d 433 (Fla. 1961) (on rehearing) our supreme court reaffirmed its adherence to this rule while recognizing an exception, as a matter of public policy, permitting the splitting of a subrogated claim brought by an insurance company for property damage to the plaintiff's automobile as separate and distinct from plaintiff's claim for personal injuries. In that case, the court detailed the numerous reasons supporting the limited exception which we need not repeat. In McKibben v. Zamora, 358 So.2d 866 (Fla. 3d DCA 1978), the Third District recognized that the Rosenthal exception was very limited and should not be extended to permit separate individual claims by a plaintiff for his own property damage and personal injury losses.
There is no authority or justification for our engrafting a further exception onto the rule against splitting of causes of action by permitting the splitting of claims for personal injury where some of the personal injury damages may exceed the plaintiff's uninsured motorists coverage. We recognize that this result is harsh and may result in a windfall to Freer. However, appellant's remedies against Freer for personal injuries must be confined to the initial action. To expand the exceptions to the rule under these circumstances only defeats the very purpose of the rule which promotes stability in litigation by inhibiting vexatious multiple suits arising out of a single injury and recognizing the necessity for the courts to bring litigation to an end. We have considered Schwab v. Town of Davie, 492 So.2d 708 (Fla. 4th DCA 1986), and Soliday v. State Farm Mutual Auto Ins. Co., 497 So.2d 717 (Fla. 3d DCA 1986), and deem them to be inapposite. Therefore, the judgment is affirmed. There is no need to address any of the other issues raised by appellant.
WARNER, J., concurs.
POLEN, J., dissents with opinion.
POLEN, Judge, dissenting.
I believe that it was error for the trial court to grant summary judgment in favor of appellee Freer on the grounds of collateral estoppel or res judicata. Hittel v. Rosenhagen, 492 So.2d 1086 (Fla. 4th DCA 1986). In my view, the cause of action asserted by Metropolitan Life Insurance was not the same action asserted by appellant, nor did appellant have the opportunity to litigate her claim in the Metropolitan lawsuit. I do not find that appellant was impermissibly attempting to split her claim. Schwab v. Town of Davie, 492 So.2d 708 (Fla. 4th DCA 1986). Respectfully, I dissent.
NOTES
[1] Although included in the style Palm Beach Auto Brokers, Inc. is not a party to this appeal.
[2] This record does not inform us of when, and under what circumstances, DeCarlo first had notice of the subrogation action. Whether DeCarlo has any claim against her insurer for inadequate notice or for tactics after learning of DeCarlo's claim, is not before us here.