KRAVITCH, Circuit Judge,
concurring in part and dissenting in part:
I concur in Parts I through III.D of the majority’s opinion, but I respectfully dissent from Part III.E. In my view, prejudgment interest should be granted from the time that the insurance companies paid the claims, not from the date of the flood.
As an initial matter, I disagree with the majority’s contention that appellant did not properly preserve its objection to the date of loss from which prejudgment interest is recoverable. In appellant Colmar’s responses to the plaintiffs’ motions for prejudgment interest, Colmar explicitly argued that prejudgment interest should only accrue from the date that the appel-lees paid their respective claims.
The seminal Florida case concerning prejudgment interest is, as the majority notes, Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 215 (Fla.1985) (holding that prejudgment interest is compensation to make the party whole and should be calculated from the date of the loss). Argonaut, even though it is a subrogation claim, does not discuss how to determine when the date of loss occurs. The majority cites Schwab v. Town of Davie for the proposition that “an insurer is entitled to be subrogated to any right of action which the insured has against third persons who caused the injury.” 492 So.2d 708, 709 (Fla.Dist.Ct.App.1986) (citing Indiana Ins. Co. v. Collins, 359 So.2d 916 (Fla.Dist.Ct.App.1978)). Neither case, however, discusses prejudgment interest or how to calculate when the date of loss for the insurer occurs.
Although it appears that there is no Florida or Eleventh Circuit caselaw on point, there is extensive Florida caselaw making the right to recover prejudgment interest subject to equitable considerations. See Perdue Farms, Inc. v. Hook, 777 So.2d 1047, 1054 (Fla.Dist.Ct.App. 2001) (“Depending on the equities of a given case, an award of prejudgment interest may be a windfall to the plaintiff and an unfair burden on the defendant.”); Volkswagen of America, Inc. v. Smith, 690 So.2d 1328, 1331 (Fla.Dist.Ct.App.1997); Broward County v. Finlayson, 555 So.2d 1211, 1213 (Fla.1990) (“Interest is not recovered according to a rigid theory of compensation for money withheld, but is given in response to considerations of fairness. It is denied when its exaction would be inequitable.”) (quotations and citations omitted).
The two circuits that have addressed this issue have disagreed as to when prejudgment interest should accrue. The Second Circuit found that the general rule is that the insurer is entitled to all of the damages that the insured would be entitled to. Mitsui & Co. v. American Exp. Lines, Inc., 636 F.2d 807, 823-24 (2d Cir.1981) (quoting Mobile & Montgomery Ry. Co. v. Jurey, 111 U.S. 584, 593-94, 4 S.Ct. 566, 28 L.Ed. 527 (1884)). Alternatively, the Seventh Circuit has held that insurers can only recover prejudgment interest from the time they have actually suffered a loss, i.e., paid on the claim. American Nat’l Fire Ins. Co. v. Yellow Freight Sys., Inc., 325 F.3d 924, 936-37 (7th Cir.2003). *1306 The Seventh Circuit panel, while noting that generally the insurer steps into the shoes of the insured, argued that subro-gees are only entitled to indemnification and thus are “entitled to indemnity to the extent only of the money actually paid _” Id. at 936 (quoting Maryland Cas. Co. v. Brown, 321 F.Supp. 309, 312 (N.D.Ga.1971)).
Because of Florida’s clear policy of limiting prejudgment interest to prevent inequities, I believe that the better rule would be to limit recovery of prejudgment interest to the date that the insurers paid on the claim.
Not only does Florida’s policy of limiting the recovery prejudgment interest to prevent windfall profits favor calculating the date of loss from the time the insurers paid their claim, but the Supreme Court of Florida’s decision that a plaintiff cannot recover prejudgment interest from her loss unless she suffers actual, out-of-pocket damages also supports the later date of loss. In Alvarado v. Rice, Florida’s Supreme Court denied the award of prejudgment interest to a plaintiff for her medical expenses because she had not actually paid those bills. 614 So.2d 498 (Fla.1993). The court expressly noted that if the plaintiff had paid her bills, she would be entitled to interest from the date she paid. Id. at 499-500. This decision demonstrates the compensatory nature of prejudgment interest. It is available when costs were incurred, but not before.
Here, the appellees did not suffer a loss until they paid the insurance claims and thus would gain an inequitable windfall if they received prejudgment interest for the time before they paid on the policies. Therefore, I respectfully dissent from Part III.E of the opinion.