[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14587

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 09, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00065 CV-ORL-22-KRS

COLUMBIA CASUALTY COMPANY,
a foreign insurance company authorized
to do business in the State of Florida,

Plaintiff-Appellee,

versus

KER, INC.,
a Florida corporation,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 9, 2010)

Before DUBINA, Chief Judge, ANDERSON, Circuit Judge, and COAR,* District
Judge.

_____
*Honorable David H. Coar, United States District Judge for the Northern District of Illinois,
sitting by designation.

PER CURIAM:

After oral argument and careful consideration, we conclude that the judgment of the district court is due to be affirmed. Ker makes four arguments in its initial brief on appeal. None have merit. Ker's first argument suggests that Columbia Casualty Co. ("CCC") is not entitled to subrogation because CCC declined to pay the cost of prosecuting Ker's counterclaim. The rationale or basis for Ker's argument is not at all clear. To the extent Ker is suggesting that CCC's reservation of rights letter – disavowing any responsibility for paying attorney's fees and costs for prosecuting the counterclaim – is a breach of the insurance contract, Ker cites no provision of the insurance contract which is breached, nor otherwise suggests how the insurance contract might have been thus breached. Ker also argues: "Florida law is clear that an insured is entitled to be compensated for all amounts it expended pursuing affirmative relief before an insurer is entitled to share in that affirmative relief." Ker's initial brief at 17. However, Ker fails to demonstrate on appeal how the district court's resolution is inconsistent with this legal proposition. And the facts apparent on this record suggest that the district court's resolution is entirely consistent with this legal proposition. Thus, Ker's

2

argument indicates no error on the part of the district court.[1]

Ker's second argument is that CCC materially breached the insurance contract, and thus should not be entitled to subrogation. Although Ker's brief is not clear, the alleged breach relied upon in this argument seems to be CCC's failure to pay one-half of the attorney's fees after the third insurer denied coverage. Ker's argument seems to be that there remain issues of fact in this regard. Ker's argument fails for several reasons. Precisely when and if CCC began paying one-half of the attorney's fees was a factual issue expressly left open in the district court's March 31, 2009, order. Subsequent thereto, the parties entered into a "Stipulated Agreement as to Remaining Issues for Trial" resolving the factual issues remaining after the district court's March 31, 2009, order. Because Ker stipulated that the court would be able to enter judgment "in favor of CCC in the principal amount of $450,000," Ker has abandoned any claim based upon this

---

[1] CCC attributes to Ker an argument that Ker does not actually make – i.e., that CCC is not entitled to subrogation because CCC did not pay all of the attorney's fees and costs to prosecute the counterclaim. That argument also has no merit. Florida cases do not require an insurer to prosecute, or pay attorney's fees for, the insured's claim against the third party tortfeasor to recoup the insured's loss. However, if the insured prosecutes and pays for such litigation, and if the insurer fails to provide substantial assistance to the insured in that regard, then the insurer's subrogation rights to the amount recouped from the third party are subordinated to the insured's recovery of the fees and costs incurred by the insured in pursuing the claims against the third party. See, e.g., Schwab v. Town of Davie, 492 So.2d 706, 710 (4th DCA) ("Where there is no evidence of substantial assistance to the insured by the insurer asserting a right of subrogation, such fees and costs [i.e., those incurred by the insured in pursuing the claims against the third-party tortfeasor] are appropriately deducted before the fund or claim is paid over to the insurer."). The district court here followed the Schwab procedure.

3

factual issue. Moreover, even if there were such a breach, it would constitute the breach of an independent covenant that would not defeat the purpose of the contract, so that each party's contractual rights remain. Nolan v. Lundsford, 196 So. 193, 198 (Fla. 1940). Thus, even if there were such a breach, CCC's subrogation rights would not have been affected.

In Ker's third argument on appeal, it asserts that judgment was inappropriate because a disputed issue of fact remained regarding what elements were included in the jury's award in underlying Hooters litigation. In this argument, Ker is asserting that the jury verdict in the underlying litigation in the amount of $1.2 million did not make Ker whole. Although Ker sought damages from Hooters only for $1.2 million in attorney's fees and costs in defending the Hooters suit, Ker now argues it also suffered other losses like lost business profits, and thus was not made whole by the jury verdict. Ker is correct that the Florida cases hold that an insurer is entitled to subrogation only after the insured has been made whole with respect to the insured's loss. However, Ker's argument here is without merit for the following reason. The district court relied upon judicial estoppel and/or collateral estoppel in concluding that Ker had been made whole by the jury verdict in the amount of $1.2 million. The district court held that Ker's counterclaim against Hooters in the underlying litigation sought as damages only attorney's fees and

4

costs incurred by Ker in defending against Hooters' claims. The district court held that although Ker had a full and fair opportunity to seek other damages, it did not do so, and now was collaterally estopped in that regard. In its initial brief on appeal, Ker fails to address the district court's holding, and thus has abandoned any attempt to assign error with respect to the district court's holding that Ker is judicially estopped or collaterally estopped from asserting that the jury verdict failed to make Ker whole.

In Ker's final argument on appeal, Ker asserts that the district court erred in holding that CCC was entitled to equitable subrogation for the attorney's fees, costs, etc., incurred post-verdict. The district court noted that by virtue of the final judgment in the underling litigation, Ker received $1,450,000. Thus, $250,000 was received by Ker allocable to post-verdict attorney's fees and costs. In determining that Ker had been made whole with respect to Ker's post-verdict losses, the district court accepted undisputed evidence that Ker had advanced $32,464.69 in payment of post-verdict attorney's fees and costs and that $65,904.66 was allocable to Ker as a post-judgment interest loss. The district court then held that the $250,000 received by Ker exceeded the total of those two figures, and thus concluded that Ker had been made whole. In its brief on appeal, Ker does not challenge the district court's calculations, but asserts that Ker was not

made whole because it had suffered other losses like lost employee time and lost profits.   To the extent of any such "other losses" which Ker might have been entitled to collect against Hooters, Ker is barred by preclusion principles.  We readily reject Ker's assertions of such conclusory and unsupported additional losses over and above the foregoing.

For the foregoing reasons, we readily conclude that Ker has proffered no persuasive reasons that the judgment of the district court is in error.

AFFIRMED.