# Coleman *v.* The State.

*Indictment for Sale or Removal of Mortgaged Property.*

1. *Proof of conveyance.*—When there are two attesting witnesses to a mortgage, or other conveyance, its execution must be proved by one or both of them, unless the case is brought within some recognized exception to the general rule; and the admission of the mortgagor or grantor himself, not made *in judicio*, does not dispense with the necessity for this proof.

2. *Competency of donee or grantee as witness.*—A donee or grantee in a conveyance of property is not competent as an attesting witness to it; and if he signs it as one of the attesting witnesses, its execution can not be proved by him.

FROM the Circuit Court of Jefferson.
Tried before the Hon. S. H. SPROTT.

The indictment in this case charged that the defendant, Jake Coleman, " with the purpose to hinder, delay or defraud N. N. Clements, who had a lawful and valid claim thereto, under a written instrument, lien created by law for rent or advances, or other lawful and valid claim, verbal or written, did sell or remove personal property, consisting of one yoke of oxen and one wagon, of the value of over $25 ; the said defendant having at the time knowledge of the existence of such claim." On the trial, as the bill of exceptions shows, issue having been

4

[Coleman v. The State.]

joined on the plea of not guilty, the State introduced said N. N. Clements as a witness, who produced a mortgage for advances, under which he claimed the oxen, and which was signed by the defendant, and attested by E. R. Clements and J. H. McMahan as subscribing witnesses; neither of whom was offered as a witness, nor their absence accounted for. The court allowed said N. N. Clements to testify, against the objection of the defendant, " that Jake Coleman signed the mortgage in his presence, and has since admitted that he signed it;" and also allowed the mortgage to go to the jury as evidence, without further proof; and to each of these rulings the defendant reserved an exception. The defendant afterwards introduced Vinia Coleman as a witness, who was a daughter of the defendant, and who claimed the oxen as her own under a gift from a deceased uncle; and she produced a written instrument, which purported to be a deed of gift to her, and to which her own name was signed as one of three witnesses. On objection by the State, the court excluded the testimony of the witness as to this instrument, and also excluded the instrument itself; to which rulings the defendant excepted.

TALIAFERRO, for the appellant.

THOS. N. McCLELLAN, Attorney-General, for the State.

SOMERVILLE, J.—The admission of the mortgage in evidence was error. It purported to be attested by two subscribing witnesses, and its execution should have been proved by at least one of these witnesses, or else the witnesses should all have been shown to be dead, insane, out of the jurisdiction of the court, or that they could not be found after diligent inquiry; or the case should otherwise have been brought within some established exception to the rule, in either of which contingencies the instrument could be proved by other evidence. And the admission of the grantor in the mortgage, not made solemnly *in judicio*, did not dispense with the requisite proof. *Askew v. Steiner*, 66 Ala. 218; 1 Greenl. Ev., § 572.

The court properly excluded the written instrument purporting to be a deed of gift to Vinia Coleman, which was sought to be proved by the testimony of the donee. The donee was one of the three subscribing witnesses who attested this paper, and being incapacitated to be such a witness, by reason of being a beneficiary under the instrument, she was incompetent to prove it; and no other one of the attesting witnesses was offered for this purpose. No party to an instrument is a competent attesting witness to it, unless made so by statute; and this rule is not affected by the alteration of the former

[Brown v. The State.]

law made by section 3058 of the Code of 1876, which rendered parties and interested persons competent witnesses in certain cases.

We have examined the other rulings of the court, and believe them to be free from error. We do not understand that any objection is urged to them in the brief of appellant's counsel.

Reversed and remanded.