[*Ex parte* Cornwell.]

# *Ex parte* Cornwell.

## *Petition for Mandamus.*

[DECIDED JUNE 30, 1905.]

1. *Trial Judge; Disqualification; Code, section* 2637.—The statutory grounds of disqualification of judicial officers to sit, in the causes enumerated in section 2637 of the Code, are not exclusive of the disqualifications imposed by the common law.

2. *Same; Same.*—According to the stern morality of the common law, a judge is required to be legally indifferent between the parties. Any interest, the probable and natural tendency of which is to create a bias in the mind of the judge for or against a party to a suit, is sufficient to disqualify, though the judge may have no possible pecuniary interest, directly or indirectly, in the result of the suit.

Original petition to the Supreme Court.

The facts in this case are sufficiently stated in the opinion.

FRANK S. WHITE & SONS, W. K. SMITH, for petitioners, cited:—*State, ex rel. v. Pitts,* 139 Ala. 152; *Medlin v. Taylor,* 101 Ala. 239; Code of Alabama, section 2637.

WILLIAM JACKSON, for respondent.—The respondent is entirely without interest in the result of the prosecution. A general depositor's claim is a mere chose in action for so much money; and, in such case, an officer embezzling the money could not be an offender against the property of depositor, but simply becomes an offender against the property of the bank.—*Alston v. State,* 92 Ala. 124; *Gill v. State,* 61 Ala. 169.

DOWDELL, J.—The petitioner was indicted by the grand jury of the city court of Bessemer for embezzlement at the September term, 1903-4, of said court. The case was pending for trial in that court. The offense charged was for embezzling a large sum of money, which

was in the possession of the Bessemer Savings Bank, or deposited therein, while the petitioner was an officer of said bank. The respondent in the petition is the judge of the city court of Bessemer.

The petition and answer show that, at the time of the alleged offense, the respondent was a depositor of said bank to the amount of about twelve hundred dollars. "That the Bessemer Savings Bank, the corporation mentioned and set out in each of the indictments, * * * * failed on or about the 8th day of June, 1903, and a receiver was appointed by the city court of Birmingham, in a cause pending in said court, who took charge of the entire assets of the said bank, and who has since proceeded to wind up the affairs of said bank, as such receiver. That the said bank went out of business at the time of its failure aforesaid."

The petitioner objected to being tried on said indictments by the respondent as judge of the city court, on the ground of incompetency by reason of interest of said judge as a depositor in said bank, and requested the judge to certify his incompetency under the statute in order that a special judge might be selected to try petitioner on said indictments. This the respondent declined and refused to do. The present petition is for a peremptory writ of mandamus to compel the respondent to certify his incompetency.

It is true that the respondent has no direct, pecuniary interest in the result of the prosecution by the State against the petitioner on the pending indictments. And, if the question of disqualification were left to be determined alone by the terms of the statute, § 2637 of the Code, under the facts in the present case, no disqualification could be said to exist. But, under the common law, there are other grounds than those mentioned in the statute, which go to the disqualification of the judge.

In *Gill v. State*, 61 Ala. 172, it was said, "According to the stern morality of the common law, a judge is required to be legally indifferent between the parties." In Freeman on Judgments, § 145, it is said to be "Well settled by the common law that no judge ought to act where, from interest or any other cause, he is supposed to be partial to one of the suitors." Any interest, the

probable and natural tendency of which is to create a
bias in the mind of the judge for or against a party to
the suit, is sufficient to disqualify. The judge is human,
and human nature at best is weak, and as far as it is
possible a perfect equipoise should always be preserved
in the administration of justice by the courts. Pecuni-
ary interest in the result of the suit is not the only dis-
qualifying interest. If such were true, there would ex-
ist no disqualification in the judge to try a defendant on
a charge of arson in the burning of the house of the
judge. And yet no one would for a moment question the
existence of such an interest in the result of the trial,
the probable and natural tendency of which would be to
create a bias, that would affect the competency of the
judge.

In *Medlin v. Taylor,* 101 Ala. 239, in a contested elec-
tion case where the judge before whom the contest was
instituted declined to sit, because his right to office by
the same general election was being contested, but in a
different forum, it was said by this court, speaking
through the present Chief Justice, then Justice, "Judge
Taylor not only had no pecuniary interest in the result
of this contestation, but he had no interest whatever
that could be affected by any possible termination of the
issues involved."—Citing authorities. "It is the opin-
ion of this Court however, that, under the doctrine of
the common law, aside from our constitutional and
statutory provisions, he had such a personal interest in
the questions involved in the contestation of Medlin, in
the nature of things, such a bias in favor of one of the
parties to the case, as disqualified him to hear and de-
termine the same, and justified his action in declining
so to do."

Here, as a result of the alleged embezzlement for
which the petitioner was indicted and to be tried, the
bank wherein the judge was a depositor failed, and,
unable to pay its depositors, was put into the hands of a
receiver for the purpose of winding up its business.
By the alleged malconduct of the petitioner, the judge
is made to suffer a loss in property—money deposited
with the bank—to what extent does not appear, whether
the total of his deposit, or only a part, but that is imma-

terial. Under the facts, we think that the judge had such a personal interest in the subject-matter of the pending prosecutions, such as in the nature of things was calculated to produce in the mind a bias such as would impair, if not prevent, that equipoise which the stern morality of the common law demands in the administration of justice.

Our conclusion, therefore, is that the judge was, by reason of interest in the result of the suit, disqualified to try the petitioner, and, unless he certifies his disqualification after being duly informed of our conclusion, the writ will issue as prayed for.

McClellan, C. J., Simpson and Denson, JJ., concurring.