# Maddox, *et al. v.* Wood.

## *Bill to Redeem from Foreclosure Sale.*

(Decided May 15, 1907. 43 So. Rep. 968.)

1. *Mortgages; Attestation; Void Acknowledgment.*—An acknowledgment of a mortgage, although void, operates as an attestation of the signature of the mortgagor, by the officer taking the acknowledgment.

2. *Witnesses; Competency.*—The general counsel and stockholder of a corporation mortgagee is competent to witness the signature of the mortgagor to a mortgage given to the corporation.

APPEAL from Birmingham City Court.

Heard before Hon. CHAS. A. SENN.

Bill by Elizabeth Maddox and another against Martha Wood, to redeem land from mortgage foreclosure sale. From a decree dismissing the bill, complainants appeal.

Affirmed.

The allegations of the bill are that T. H. Maddox died intestate on February 1, 1905, and that the complainants are heirs at law of said Maddox, being widow and only child; that on the 24th day of June, 1897, Maddox executed and delivered to the National Guaranty Loan & Trust Company, a mortgage, or what purported to be a mortgage, on the property described in the bill, for the sum of $1,000, for the balance of the purchase money due on said property; but it is alleged that the person taking

the acknowledgment to said mortgage was the general counsel for, and a stockholder and officer in, said corporation. The bill further sets up the foreclosure under said mortgagefi and the purchase by the respondent. Respondent moved to dismiss the bill for want of equity, which was done.

M. M. ULLMAN, for appellant.—The acknowledgment was confessedly void, as an acknowledgment.—*Hayes v. So. B. & L. Assn.,* 124 Ala. 663; Devlin on deeds, 476; 100 Iowa 605; 40 S. W. Rep. 599; 50 N. E. 437. The void acknowledgment does not amount to an attestation. —*Coleman v. The State,* 79 Ala. 49, 46 L. R. A. 721.

PERCY & BENNERS, for appellee.—The acknowledgment, although void, amounted to an attestation.— *Hayes v. Banks,* 132 Ala. 354; *Nashville, etc. Ry. v. Hammond,* 104 Ala. 191. A stockholder in and officer of a corporation is not incompetent to act as an attesting witness to a conveyance to the corporation.—*Morris v. Bank,* 142 Ala. 638; *Read v. Toledo,* 68 Ohio St. 280. The agent or attorney of the grantee is a competent witness to a conveyance.—*Chastain v. Porter,* 130 Ala. 410; *Sowell v. The Bank,* 119 Ala. 92.

DENSON, J.—The bill is filed for the purpose of redeeming real estate sold under the power contained in a mortgage. The mortgage was executed to a corporation, and the acknowledgment thereto was taken by a notary public, who was, at the time, the general counsel for and a stockholder of the corporation mortgagee. That such an acknowledgment is void has been distinctly held by this court, and the proposition is conceded by both the parties to this litigation.—*Hayes v. Sou. Home B. & L. Assn,* 124 Ala. 663, 26 South. 527, 82 Am. St. Rep. 216.

But it is contended by the respondent in the bill (ap-

[Packard v. City of Mobile.]

pellee') that, notwithstanding the acknowledgment is void, yet it operates as an attestation, by the officer taking it, of the signature of the grantor. The complainant (appellant) denies this proposition, and contends, first, that it is only in cases where the certificate of acknowledgment is merely defective that it may operate as an attestaton by the officer; and, secondly, that the notary is incompetent as a witness in the same degree that he is as a certifying officer. This court has decided both of these contentions adversely to the complainant. Upon the first one we cite *Sharpe v. Orme,* 61 Ala. 263; *Rogers v. Adams,* 66 Ala. 600; *Torrey v. Forbes,* 94 Ala. 135, 10 South. 320; *Hayes v. Banks,* 132 Ala. 354, 30 South. 464. In respect to the second contention, we cite *Morris v. Bank of Attalla,* 142 Ala. 638, 38 South. 804.

No other propositions have been discussed in briefs of counsel. It results, from what has been said, that the decree of the city court, dismissing the bill for want of equity, must be affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.