# Spink *v.* Guarantee B. & T. Co.

*Bill to Declare Deed Void and to Remove it as Cloud on Title.*

(Decided February 6, 1913. 61 South. 302.)

1. *Deeds; Attestation; Notary's Acknowledgment.*—Where the execution of a deed was proven by a notary, his certification of acknowledgment is properly allowed to stand as an attestation by him as a witness.

2. *Acknowledgment; Wife; Separate Examination.*—A wife's separate examination and acknowledgment is necessary only where the title to the homestead is in the husband.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Bill by Margaret H. Spink against the Guarantee Bank & Trust Company to declare a deed void and remove it as a cloud upon title. Decree for respondent, and complainant appeals. Affirmed.

The facts of the case seem to be that appellant, with her husband, on the 7th day of April, 1910, executed an instrument, purporting to be an absolute conveyance, conveying to appellee an absolute title in the property of appellant described in said conveyance. The instrument was written, and the joint acknowledgment of husband and wife and the separate acknowledgment of the wife was taken before one C. H. Seals, a notary public, who was at the time an officer of and stockholder in said corporation, and the bill attacks the deed for that reason.

R. B. SMYER, for appellant. The only error complained of is the holding of the lower court that the deed was a valid and operative conveyance, both in law and in equity. Public policy forbids the taking and certifying of an acknowlegment by an officer financially interested in the transaction.—*Hayes v. So. B. & L. Assn.*, 26 South. 527; *Monroe v. Arthur*, 28 South. 476; *Chattanooga Co. v. Vaught*, 143 Ala. 389. A grantee or beneficiary in a conveyance is not a competent witness to the conveyance.—*Coleman v. State*, 79 Ala. 49; *Seibold v. Rogers*, 110 Ala. 438; *Brooks v. Cook*, 141 Ala. 499. Hence, the deed was void and conveyed nothing.—Section 3355, 3357, Code 1907.

GARBER & GARBER, for appellee. A separate acknowledgement of the wife is not necessary where the title to the homestead resides in her.—*Monroe v. Arthur*, 126 Ala. 362; *Hayes v. So. B. & L. Assn.*, 124 Ala. 663; *Grider v. Am. Mtg. Co.*, 99 Ala. 281; *N. B. & L. Assn.*

*v. Cunningham,* 30 South. 335. A defective acknowl-
edgment to a deed or mortgage may operate as an at-
testation of a subscribing witness.—*Merritt v. Phoenix,*
48 Ala. 90; *Sharp v. Orme,* 61 Ala. 268; *Rogers v.
Adams,* 66 Ala. 602; *Torrey v. Forbes,* 94 Ala. 142;
*O'Neal v. T. C. I. & R. R. Co.,* 140 Ala. 385. Although
an officer and stockholder of the grantee corporation
Seals was a competent witness to the deed.—*Maddox
v. Wood,* 151 Ala. 157; *Morris v. Bank of Attalla,* 142
Ala. 638; s. c. 153 Ala. 356, and authorities supra.

SAYRE, J.—The point taken against the chancel-
lor's decree is that he gave effect to a deed of the home-
stead which was acknowledged before a notary who
was at the time a stockholder and officer of the grantee
corporation. There were two acknowledgments, one in
the form used in connection with ordinary convey-
ances, the other in the form required in the case of con-
veyances of the homestead by the wife. The execution
of the instrument was proved by the deposition of the
notary, whose certification of the acknowledgment was
thus properly allowed to stand for his attestation as
a witness.—*N. C. & St. L. Ry. v. Hammond,* 104 Ala.
191, 15 South. 935. As for the separate acknowledg-
ment of the wife, that was not necessary, because the
title to the homestead was in her. Under the decisions
of this court, the wife's examination and acknowledg-
ment separate and apart from the husband is necessary
only when the title is in the husband.—*Weiner v. Ster-
ling,* 61 Ala. 98; *Dawson v. Burrus,* 73 Ala. 111; *Camp-
bell v. Nobie,* 145 Ala. 233, 41 South. 745.

There is no error in the record.

Affirmed.

DOWDELL, C. J., and MCCLELLAN and SOMERVILLE,
JJ., concur.