## SARANAC MACH. CO. v. HEYWARD.

### In re W. J. MARSHALL CO.

(Circuit Court of Appeals, Fifth Circuit. October 23, 1923.)

Nos. 4179, 4180.

1. **Bankruptcy ⚍439—Order involving only question of law properly reviewable by petition to revise.**

Where the facts are not in dispute, and an order of the District Court presents only a question of law, a petition to revise is the appropriate method of review.

2. **Sales ⚍462—Signing of acknowledgment to a previously executed contract of conditional sale held in effect a re-execution.**

Under Park's Ann. Civ. Code Ga. §§ 3318, 3319, 3257, providing that a conditional bill of sale, to be valid, shall be executed by the vendee in the presence of a notary public or other named officer, attested by or proved before him and recorded, and section 3259, which authorizes re-execution of an instrument not recorded, where such a contract was signed by the vendee without witnesses, his subsequent signing of an acknowledgment of his original signature before a notary public, who attests the last signature, *held* in legal effect a re-execution.

3. **Sales ⚍462—Certificate of acknowledgment by notary held official attestation of signature.**

A certificate of acknowledgment signed by a notary public *held* an official attestation of the signature to the acknowledgment.

Appeal from, and Petition to Superintend and Revise Order of, the District Court of the United States for the Southern District of Georgia; William H. Barrett, Judge.

---

In the matter of the W. J. Marshall Company, bankrupt; A. H. Heyward, trustee. The Saranac Machine Company appeals from and petitions to revise order of District Court. Appeal dismissed, and reversed on petition to revise.

For opinion below, see 291 Fed. 268.

T. Baldwin Martin, of Macon, Ga. (Martin, Martin & Baldwin, of Macon, Ga., on the brief), for appellant and petitioner.

Wallace Miller, of Macon, Ga., for appellee and respondent.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. [1] These two cases present one and the same question—in the first, by the method of appeal; in the second, by petition to superintend and revise in matter of law. As the facts are not in conflict, and the question presented is purely one of law, we think the petition to superintend and revise is the appropriate method of presenting the question.

The question is whether a conditional sale contract to secure the purchase money of personal property sold by the appellant and petitioner to the bankrupt was so executed as to be legally admitted to record under the laws of Georgia, and, when recorded, to constitute constructive notice to the unsecured creditors of the bankrupt. The conditional sale contract was dated November 7, 1921, and was recorded in the clerk's office of the superior court for the county of Bibb and state of Georgia, on the 28th day of November, 1921, and more than four months before bankruptcy. If the instrument was properly received for record, it prevails over the rights of the trustee; otherwise not.

[2] The facts as to its execution are not disputed, and are in substance as follows:

On the 7th of November, 1921, the contract was signed by the bankrupt, by its vice president, R. L. Crandall, but was neither witnessed, acknowledged, nor proven before an officer, as required by law in order to entitle it to record. In this form, the execution was unsatisfactory to the petitioner, and it was returned by the petitioner to the bankrupt for proper execution. Thereupon the said Crandall executed before a notary public the following writing, which was attached to the original contract, and the instrument with the attachment was then received for record by the clerk of the superior court. The writing attached was in these words:

"State of Georgia, Bibb County:

"I hereby certify that I, R. L. Crandall, am connected with W. J. Marshall Company, in the capacity of ———, and that I have full authority to execute the annexed contract on behalf of W. J. Marshall Company, and I certify that on November 7, 1921, I signed and accepted the above contract for W. J. Marshall Company, vendee, with Saranac Machine Company, vendor. I acknowledge the above as my signature.

"This 22d day of November, 1921.                    R. L. Crandall.

"Sworn to and subscribed before me this 17th day of November, 1921.

"O. S. Baldwin, Jr.,
"Notary Public, State of Georgia at Large."

A conditional bill of sale, in order for the reservation of title to be valid as against third persons, must be executed and attested in the same manner as mortgages on personal property. Park's Code of Georgia, § 3318. A mortgage on personal property must be executed by the mortgagor in the presence of, and attested by or proven before, certain named officers, including a notary public. Park's Code, § 3257. When so executed, it must be reorded within 30 days. Park's Code, § 3319. In case, a mortgage on personal property is not recorded as provided by law, but is re-executed, such mortgage may be recorded, and as re-executed and recorded charges third persons with notice from the date of its record. Park's Code, § 3259. From the section cited, it appears that, for a conditional bill of sale to be entitled to record, it must be (1) executed or re-executed by the vendor; (2) in the presence of a notary public or other named officer; and (3) attested by or proven before such officer.

The question is whether the instrument in question was executed with the statutory requirements named. The District Judge construed the writing attached to the instrument on November 22, 1921, as an acknowledgment by the vendee, and not a proving of it by an attesting witness, and held that there was no statutory authority in Georgia for the acknowledgment of a mortgage or a conditional bill of sale, and that the conditional sale contract was for that reason inadmissible to be recorded. The appellee and respondent further contends that the writing attached to the instrument was insufficient in form as an acknowledgment. Our conclusion makes it unnecessary to decide these questions. The conditional bill of sale was properly executed, if the signature of the vendee was made in the presence of the notary public and attested by him. Concededly this was not true of the original signature. It was neither made in the presence of the notary public, nor attested by him on November 7, 1921.

The question is whether what was done on November 22, 1921, cured the original omission. To accomplish this, it would have to have amounted to an execution of the instrument by the vendee in the presence of the notary and be attested by him. An attestation requires that the attesting witness see the signing done, and a subsequent inspection of the signature by him in the absence of the signer and the affixing of his name as a witness is insufficient as an attestation. If the validity of the attestation of the notary depended upon the original signing of the instrument by the agent of the vendee, it would therefore fail. If the instrument was re-executed on November 22, 1921, by the agent in the presence of the notary, and the notary then attested it in proper form, it would be sufficient. We think this was in effect what happened. The instrument had been returned by the vendor because improperly executed, and for the purpose of being re-executed properly by the vendee. To accomplish this execution Crandall appeared before the notary and then acknowledged that the signature appended on November 7, 1921, was his signature, and did this for the purpose of re-executing the instrument. We do not think it was essential to a valid re-execution of the instrument that he rewrite his name thereon. His present acknowledgment to the notary that it was his signature,

made for the purpose of then re-executing the instrument, had the same effect as would the rewriting of his name. He did this in the presence of the notary. In doing it, he therefore re-executed the instrument in the presence of the officer. He also signed his name to the writing attached to the instrument in the presence of the notary and with intent to re-execute it.

[3] The remaining question is whether the signature of the notary to the acknowledgment or probate can be construed as an attestation of the notary. In the case of Missouri State Life Insurance Co. v. Barnes, 147 Ga., 678, 95 S. E. 244, the Supreme Court of Georgia sustained the attestation of an officer as an official attestation, though it was unofficial in form, by attributing to it an official character from the fact that he acted officially in signing certain certificates appended to the same instrument. In the case Peagler v. Davis, 143 Ga. 11, 84 S. E. 59, Ann. Cas. 1917A, 232, the Supreme Court of Georgia held that the official acknowledgment of a stockholder of the grantor, who acted as notary, was void, but sustained his attestation as an unofficial witness to the instrument. The court in that case cited with approval the cases of Maddox v. Wood, 151 Ala. 157, 43 South. 968, and Spink v. Guarantee Bank & Trust Co:, 181 Ala. 272, 61 South. 302, cases in which the Supreme Court of Alabama decided that the signature of a notary public to a defective or void acknowledgment was yet good as that of an attesting witness to the instrument. To the same effect is the case of N., C. & St. L. R. R. Co., v. Hammond, 104 Ala. 191, 15 South. 935. The case of Missouri State Life Insurance Company v. Barnes, supra, is authority for attributing the official character of an attesting witness to the notary's attempted act of acknowledgment. We hold that, though the writing attached to the instrument was not such as to entitle the instrument to record either as an acknowledgment or as a probate, which we do not pass upon, the signature of the notary to the writing was a sufficient official attestation of the re-execution of the instrument on November 22, 1921, and, as this re-execution was in the presence of the officer, the instrument was properly executed, as required by the provisions of section 3257 of Park's Code, and was properly admitted to record on November 28, 1921.

The conclusion we have reached requires a dismissal of the appeal in No. 4179, and a granting of the petition to superintend and revise in No. 4180; and it is so ordered.