157 So. 446

PATTERSON et al. v. FIRST NAT. BANK
OF PIEDMONT.

7 Div. 255.

Supreme Court of Alabama.

Oct. 11, 1934.

Rehearing Denied Nov. 8, 1934.

Merrill, Jones & Whiteside, of Anniston, for appellee.

Motley & Motley, of Gadsden, for appellants.

GARDNER, Justice.

The First National Bank of Piedmont holds a past-due mortgage on certain real estate therein described, containing ninety-three acres, executed by J. H. Amberson and wife. Amberson was in possession of the land under claim of ownership, having acquired the same by deed from P. W. and J. E. Roberts, who in turn claimed title through a mortgage executed March 10, 1921, by B. W. Gowens and wife, R. S. Gowens, ancestors of these appellants, which mortgage had been duly foreclosed. It was later discovered, however, that this latter mortgage to P. W. and J. E. Roberts contained a misdescription of the property. As to one forty-acre tract, it is described as southeast quarter of northeast quarter, section 25, when the correct description should be southeast quarter of southeast quarter, and there was likewise an error as to the ten-acre tract, as well, it seems, also the three acres. Thereupon the First National Bank filed a bill seeking a foreclosure of this mortgage from Amberson, and a reformation of the Gowens' mortgage to the Roberts, which formed a link in its chain of title. Sections 6960, 6961, Code 1923.

408

The cause was tried before the chancellor on oral proof and documentary evidence offered, resulting in a decree for complainant, from which this appeal is prosecuted by the heirs of B. W. and R. S. Gowens.

Admittedly, when the mortgage was executed in 1921, B. W. Gowens was in possession of this ninety-three acres, and the proof clearly shows that it was referred to as the home place. The description was copied from a mortgage executed by the Gowens to P. W. and J. E. Roberts in 1916, and was in part a renewal thereof, and we think it equally clear that at the time of this latter mortgage the ninety-three acres were all the lands then owned by said B. W. Gowens.

It may be here observed that the mortgage of 1916 is not here involved in this litigation, and no relief is sought concerning the same, but it has only an evidentiary relationship as thus indicated, and needs no further consideration.

The mortgage of 1921 was foreclosed in April, 1926, and it is well established by the proof that soon thereafter B. W. Gowens and his wife moved off said land, and instructed their tenant, J. W. Cushing, to pay the rent on their home place to P. W. and J. E. Roberts, and, as to the other property which they had purchased, to pay the rent to them. B. W. Gowens then moved to Anniston, and died in February, 1928.

We think it clear also that complainant did not discover the mistake until after the death of said Gowens, and that the latter never questioned the mortgage or any possessory rights acquired thereunder.

The first mortgage of 1916 was prepared by one McClellan, and that of 1921, here involved, was typewritten by the daughter of one of the mortgagees, and the description copied from the first mortgage.

■ The heirs insist that in fact no mortgage was executed, and offered proof tending to show the same, and that their father and mother each had declared they would not execute a mortgage on the home place. We think it clear from the proof that, if in fact the mortgage was executed, it was intended it should embrace the home place, and that the error in the description was made by the typist in filling out the mortgage. Tervin v. Cordova State Bank, 228 Ala. 619, 154 So. 561.

Indeed, no other rational conclusion can be reached from a study of this proof, and no suggestion is made as to what property in fact was intended by the description, if it was not the home place thus misdescribed. We recognize the high degree of proof required in cases of reformation (Greil v. Tillis, 170 Ala. 391, 54 So. 524; Hertzler v. Stevens, 119 Ala. 333, 24 So. 521; Brumfield v. Hall, 215 Ala. 515, 110 So. 898; Lipham v. Shamblee, 205 Ala. 498, 88 So. 569), but we conclude complainant has fully met the burden of a mutual mistake, and that the question of vital importance—the one upon which the greater stress is laid—relates to the matter of execution of the 1921 mortgage.

■ This mortgage is signed "B. W. Gowens and R. S. [her mark] Gowens." In the body of the mortgage, however, and in the acknowledgments thereto the names are spelled "Goins." We are persuaded this was an error of the typist. It is undisputed that the name of the mortgagors, correctly spelled "Gowens," is pronounced the same as the name spelled "Goins" found in the body of the mortgage, or, in other words, a proper case of idem sonans is made out. The general rule is that the law does not regard the spelling of names so much as their sound. Great latitude is allowed in the spelling and pronunciation of proper names, and in all legal proceedings, civil and criminal, if two names, as commonly pronounced in the English language, are sounded alike, a variance in their spelling is immaterial. 45 C. J. 383.

The acknowledgments were taken by one E. C. Harris, who was dead at the time of the trial, but whose handwriting was established by numerous witnesses familiar therewith.

■ True, in the separate acknowledgment of the wife, the name is spelled "Mrs. R. S. Goins," but we have noted the proof showing the pronunciation identical with that of "Gowens," and this must be deemed immaterial, and clearly reversal of the initials from "B. W." to "W. B." Goins found in the general acknowledgment is a matter of no importance, in view of the proof tending to show the proper attestation of the instrument by said E. C. Harris.

The question determined in Powers v. Hatter, 152 Ala. 636, 44 So. 859, was that, with so defective an acknowledgment as there presented, the deed was not self-proving. That question is here not involved, as the execution of the mortgage was otherwise duly proven, and, in addition, it would seem that here the mistake was of a self-correcting character.

■ But, however that may be, the execution of the mortgage being proven by the attesting witness, the general acknowledgment may be disregarded without affecting the va-

lidity of the mortgage. The original mortgage in evidence was correctly signed "B. W. Gowens," and numerous instruments were introduced in the court below, and not here presented, bearing the genuine signature of said Gowens for the purpose of comparison. Section 7707, Code 1923.

It appears the land lies partly in Etowah and Calhoun counties. In one of the counties the record spells the name "Goins," and we are left to conjecture as to how this may have occurred. But, in any event, the proof is clear, if not undisputed, that the mortgage is in the same condition and has undergone no change.

Much evidence was offered, by each side which was incompetent and illegal in the light of our statute. Section 7721, Code 1923.

The chancellor gave full recognition to the statute, and the record shows that he disregarded such incompetent and illegal evidence, and rested his decision only upon the competent and legal evidence in the case. Section 6565, Code 1923; Mink v. Whitfield, 218 Ala. 334, 118 So. 559; Moore v. Moore, 212 Ala. 685, 103 So. 892.

■ These witnesses were not incompetent, however, as to all the facts testified to by them, such as collateral matters not involving a transaction with or a statement by the deceased. Moore v. Moore, supra.

■ We have here also carefully considered only the competent and legal proof. The rule is that the decree rendered on oral proof before the chancellor will not be here disturbed unless we are persuaded the conclusion reached is plainly and palpably wrong. Caples v. Young, 206 Ala. 282, 89 So. 460. But, without invoking this rule, we are convinced that the preponderance of the legal and disinterested proof favors the correctness of the decree.

On application for rehearing, appellants insist that some of the foregoing statements as to the proof are incorrect, among them, that Gowens moved off the land soon after the foreclosure of the mortgage. We so interpreted the testimony of the witness Cushing, as found on page 31 of the record. This conclusion may, however, be inaccurate. Appellants insist that Gowens moved off before foreclosure. But it is immaterial whether the move was shortly before or after the foreclosure, as the important point of the evidence was that after foreclosure Gowens went to the tenant Cushing and instructed him to pay the rent to P. W. and J. E. Roberts.

If the evidence has been misinterpreted as to the actual time the Gowens moved to Anniston, it in no manner affects the result, as that particular matter is wholly immaterial.

The statement in this opinion that at "the time of this latter mortgage the ninety-three acres were all the lands then owned by said B. W. Gowens" had reference to he mortgage of 1916, as the preceding language of the sentence indicates. So understood, we think this statement is justified by the proof. But even this is not a matter of any vital importance. The ninety-three acres were referred to as the home place, and the important question in that regard was the intention of the parties as to the lands to be described in the mortgage.

We have duly considered also the other matters presented by counsel in brief, but do not think they call for further separate treatment. If any inaccuracies herein appear, they are immaterial, and in no manner affect the result.

In the answer was a plea of res adjudicata, evidently based upon previous litigation here reported as Amberson v. Patterson, 227 Ala. 397, 150 So. 353, but no proof was offered in support thereof, and this defense seems to have been abandoned.

We indulge in no further discussion. The decree is free from error, and will be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.