160 So. 540

### PRUETT et al. v. COMMERCIAL NAT. BANK OF ANNISTON et al.

### 7 Div. 300.

Supreme Court of Alabama.
March 28, 1935.

See, also, Pruett v. First Nat. Bank, 229 Ala. 441, 157 So. 846.

Rutherford Lapsley and R. Clarence Williams, both of Anniston, and E. O. McCord, of Gadsden, for appellants.

228

Merrill, Jones & Whiteside, of Anniston, for appellees.

BROWN, Justice.

The equity of the bill, as originally filed, is rested upon the assertion of the invalidity of the mortgage as a conveyance of the title, because of the incompetency of the officer who took and certified the acknowledgment of the signatures of the mortgagor and his wife to the mortgage.

■ The appellees concede, on the facts alleged in the bill, that the certificate of acknowledgment as such was inefficacious under the rule of our cases (now changed by statute if the notary does not hold more than 1 per cent. of the total issue, Acts 1931, p. 675); but contend that Stanley's signature to the certificate will be treated as that of subscribing witness, and inasmuch as the mortgagor and his wife personally subscribed their names to the mortgage—and this is not denied by the averments of the bill—such attestation was sufficient to uphold the mortgage as a conveyance of the title. It was so ruled by this court in Maddox et al. v. Wood, 151 Ala. 157, 43 So. 968.

The appellants insist, however, that the holding in Maddox et al. v. Wood is unsound; that the same pecuniary interest which rendered Stanley incompetent to take the acknowledgment disqualifies him as a subscribing witness, citing in support of this contention Coleman v. State, 79 Ala. 49; Brooks et al. v. Cook et al., 141 Ala. 499, 38 So. 641; Calera Land Co. v. Brinkerhoff, 87 Ala. 422, 6 So. 295; Croft v. Doe ex dem. Thornton, 125 Ala. 391, 394, 28 So. 84.

In all of those cases, except Brooks et al. v. Cook et al., the person who subscribed as a witness to the signatures of the instrument was a grantee in the conveyance, and in Brooks et al. v. Cook et al., the party subscribing as an attesting witness was a party to the contract; therefore the interest was direct and immediate.

Though a stockholder in a corporation has pecuniary interest in a conveyance to the corporation, his interest is not a direct interest, but is secondary or reflected from his right to participate in dividends earned in the business of the corporation. The law regards him as incompetent and disqualified to perform a judicial function which is conclusive of the execution of the conveyance, where the officer has acquired jurisdiction by the appearance of the parties before him with the instrument duly subscribed, and acknowledges the same or signs the same in his presence, and is not impeachable except for actual fraud in which the grantee participates. Fies & Sons v. Lowery, 226 Ala. 329, 147 So. 136; Hayes v. Southern Home B. & L. Ass'n, 124 Ala. 663, 26 So. 527, 82 Am. St. Rep. 216.

■ The act of attesting the signature by a subscribing witness is in no sense an official act, but is the personal act of·the party so subscribing, required by the statute in absence of an acknowledgment as essential to the due execution of the instrument. Code 1923, § 6838.

■ Such attestation is not conclusive, in any sense, of the due execution of the paper, but at most prima facie evidence of such execution, and, when contested, must be proved, and the interest of the subscribing witness when called to testify to the fact of execution goes to the credibility of his testimony. Therefore, the rule, founded largely on public policy, which disqualifies an officer to perform a judicial function, does not apply to nonofficial acts of private persons. See Ex parte Cornwell, 144 Ala. 497, 39 So. 354; Tervin et al. v. Cordova State Bank, 228 Ala. 619,

154 So. 561; Spink v. Guarantee B. & T. Co., 181 Ala. 272, 61 So. 302; Kumpe and wife v. Coons, 63 Ala. 448.

In the case last above cited it was held that the interest of a legatee or devisee under a will did not disqualify such legatee from subscribing as a witness to the execution of the will. The holding in that case, though its salutary effect was doubted, was followed and reaffirmed, after a lapse of nine years, because it had become a rule of property. Snider v. Burks, 84 Ala. 53, 4 So. 225.

The holding in Maddox et al. v. Wood, supra, has stood as a rule of property for more than twenty-eight years, and this is sufficient reason for denying appellants' contention that it should be overruled; but for reasons before stated, we are persuaded that the holding is sound.

The bill as amended purports to present the case in another aspect—that there was a fraudulent and unconscionable abuse of the power of sale. Construing the averments of the bill most strongly against the pleader, and ignoring the mere conclusions of the pleader, which must be done on demurrer, the most its averments show is that the mortgagee exercised the power of sale "at an inopportune time" as concerned the interest of the mortgagor, and fall short of showing an oppressive perversion of the power. The mortgage debt had matured and the mortgagor had the right to foreclose according to the contract between the parties. There is nothing in the circumstances alleged that prevented the mortgagor from procuring a purchaser at the sale, nor do the facts alleged show that the foreclosure interrupted his negotiation to sell the property to the Texas company. Mere knowledge on the part of the mortgagee that said company desired to purchase the property at some time before the sale, and that it had been negotiating with the mortgagor for its purchase, does not impute fraud to the mortgagee in proceeding with the foreclosure, even though the negotiation between the mortgagor and the Texas company was then pending. The averments of the bill, when construed against the pleader, show that the negotiations had terminated because the parties could not agree on the price. These averments do not show an oppressive abuse of the power, justifying equitable interference to set aside the foreclosure. Cotton et al. v. First Nat. Bank, 228 Ala. 311, 153 So. 225; Ballenger et al. v. Price, 219 Ala. 412, 122 So. 628; Rudisill Soil Pipe Co. et al. v. Eastham Soil Pipe & Foundry Co., 210 Ala. 145, 97 So. 219.

Our judgment is that the demurrers to the bill were properly sustained.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.