TYSON, Presiding Judge,
concurring specially.
Jerry W. Jacobs, through his attorneys, presents this Court with a “Motion to Re-cuse” directed to the Honorable William M. Bowen as Judge and moves that he recuse himself from- considering the appellant’s-cause. His grounds for the motion assert essentially the following:
1. That Judge Bowen formerly served as an Assistant Attorney General of the State of Alabama on the staff of the Honorable William J. Baxley, Attorney General; that as a result of serving on Attorney General Baxley’s staff, Judge Bowen was “personally selected” to run against the Honorable Aubrey M. Cates as Judge by Mr. Baxley.
2. That Attorney General Baxley was his principal supporter and largest financial contributor and narrated a state-wide tele *1244 vision program during the ensuing political campaign in Judge Bowen’s behalf.
3. That Attorney General Baxley and members of his staff were the principal authors of the present death penalty statutes (Title 15, Sections 342(3)-342(ll), Code of Alabama 1940, as amended 1975), the constitutionality of which will be before this Court on appeal in the appellant’s cause.
Judge Bowen, as an Assistant Attorney General, was not assigned to any duties with reference to the drafting of the present death penalty statutes (Title 15, Sections 342(3)-342(ll), Code of Alabama 1940, as amended 1975). In fact Judge Bowen did no legal research on these statutes, did not participate in the drafting of the same, nor did he appear before any legislative committee, nor contact any member of the Alabama Legislature with reference to the passage of same. Moreover, Judge Bowen has not appeared either prior to his investiture as Judge or subsequent thereto on any public forum wherein the constitutionality of these statutes has been debated.
Sir Matthew Hale (1609-1676), former Lord Chief Justice of the Court of King’s Bench, set forth the following rules for his own judicial guidance and that of his brother jurists:
“THINGS NECESSARY TO BE CONTINUALLY HAD IN REMEMBRANCE
I. That in the administration of justice I am entrusted for God, the king and country; and therefore,
II. That it be done, 1st, uprightly; 2dly, deliberately; 3dly, resolutely.
III. That I rest not upon my own understanding or strength, but implore and rest upon the direction and strength of God.
IV. That in the execution of justice I carefully lay aside my own passions, and do not give way to them, however provoked.
V. That I be wholly intent upon the business I am about, remitting all other cares and thoughts as unreasonable, and interruptions.
VI. That I suffer not myself to be prepossessed with any judgment at all, till the whole business, and both parties be heard.
VII. That I never engage myself in the beginning of a cause, but reserve myself unprejudiced till the whole be heard. o
VIII. That in business capital, though my nature prompt me to pity, yet to consider that there is also a pity due to the country.
IX. That I be not too rigid in matters purely conscientious, where all the harm is diversity of judgment.
X. That I be not biassed with compassion to the poor or favor to the rich, in point of justice.
XI. That popular or court applause, or distaste, have no influence upon anything I do in point of distribution of justice.
XII. Not to be solicitous what men will say or think, so long as I keep myself exactly according to the rules of justice.
XIII. If in criminals it be a measuring cast, to incline to mercy and acquittal.
XIV. In criminals that consist merely in words when no more harm ensues, moderation is no injustice.
XV. In criminals of blood, if the fact be evident, severity is justice.
XVI. To abhor all private solicitations, of what kind soever, and by whomsoever, in matters depending.
XVII. To charge my servants; 1st, not to interpose in any business whatsoever; 2d, not to take more than their known fees; 3d, not to give any undue precedence to causes; 4th, not to recommend counsel.
XVIII. To be short and sparing at meals, that I may be fitter for business.”
The great bard William Wordsworth, admonished in “The Happy Warrior”:
*1245 “ ’Tis he whose law is reason; who depends
Upon that law as on the best of friends; Whence, in a state where men are tempted still
To evil for a guard against worse ill, And what in quality or act is best Doth seldom on a right foundation rest, He labors good on good to fix, and owes To virtue every triumph that he knows: —Who, if he rise to station of command, Rises by open means; and there will stand
On honorable terms, or else retire,
And in himself possess his own desire; Who comprehends his trust, and to the same
Keeps faithful with a singleness of aim; And therefore does not stoop, nor lie in wait
For wealth, or honors, or for worldly state;
Whom they must follow; on whose head must fall,
Like showers of manna, if they come at all
[[Image here]]
The Canons of Judicial Ethics adopted by the House of Delegates of the American Bar Association, effective August 16, 1972, provide in pertinent part:
“CANON 3
A JUDGE SHOULD PERFORM THE DUTIES OF HIS OFFICE IMPARTIALLY AND DILIGENTLY
C. DISQUALIFICATION.
(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:
(a) he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
(b) he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it
The Canons of Judicial Ethics adopted February 1, 1976, by the Supreme Court of Alabama in pertinent part are as follows:
“CANON 3
A JUDGE SHOULD PERFORM THE DUTIES OF HIS OFFICE IMPARTIALLY AND DILIGENTLY
C. DISQUALIFICATION.
(1) A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, including but not limited to instances where:
(a) He has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
(b). He served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer in the matter, or the judge or such lawyer has been a material witness concerning it.”
In Payne v. State, 48 Ala.App. 401, 408, 265 So.2d 185, cert, denied 288 Ala. 748, 265 So.2d 192, Presiding Judge Cates observed:
“The Attorney General and his staff are more than mere legal advisers. Thus, they have the power in the interest of justice, to confess error. The Attorney General is a public servant whose office is created by the constitution; he is selected by the voters from the state at large. Cons. 1901, §§ 114 and 137, Code 1940, T. 55, §§ 228-244, as amended. He and his staff are paid by salaries, not fees.
“Hence, notions of conflict of interest arising from being counsel in private litigation are not present. We do have constitutional and statutory grounds for judicial disqualification: Const. § 160 and Code 1940, T. 13, §§ 6 and 7. They are not here applicable.
*1246 “The basic guideline — aside from the specific ordainments, supra — rests on the common law principle that no judge ought to act where from interest or any other cause he is supposed to be partial to one of the suitors. Here we perceive no reason to impute a cause of bias. Thus, we readily distinguish Ex parte Cornwell, 144 Ala. 497, 39 So. 354.
“The holding of prosecutorial office as distinguished from working on a concrete piece of litigation is not alone disqualifying for one who later becomes a judge. Thus, in 46 Am.Jur.2d, Judges, (p. 219) we find:
“ ‘§ 193. As attorney general.
“ ‘A judge hearing an appeal is not required to disqualify himself because he had, as attorney general, rendered an opinion concerning one of the points involved in the litigation. Generally, a judge who had been employed in the office of the attorney general is not disqualified to sit on a case involving a party who had been up before the attorney general. Nor is a judge disqualified where the case before him, in which the state is a party, was under study while he was a deputy attorney general but was not assigned to him then or otherwise brought to his attention.
“ ‘A supreme court judge who, before his elevation to the bench, was attorney general when a criminal case was tried but had nothing whatever to do with the trial, is not disqualified from hearing the case on appeal. Similarly, an attorney general who permitted the institution of quo warranto proceedings on relation of the attorney general, but who took no personal or official part in the litigation, is not disqualified to hear the case as a supreme court judge.’ ”
Judgés are not political activists. The nature of the judicial process commands such abstention.
Judges must lay aside the slings and arrows and indeed must cast aside their snick-ersnees and retire to higher ground.
Their fundamental objective must be absolute fairness. Impartiality is indeed their hallmark. Such requirements are essential if their judgments are to reflect “equal justice under law.”
The motion before us bespeaks of political battles and misses therefore its intended mark. The complete objectivity of Judge Bowen is not therefore drawn into question. His demeanor in this cause, as in all before us, reflects a devotion to absolute integrity.
It therefore seems proper for us to observe that the petition before us presents no more than the fact that the Attorney General’s staff assisted in the preparation of the pertinent statute before its adoption by the Legislature of Alabama.
The fact that Judge Bowen was a member of this staff, though having nothing whatever to do with the preparation of it, is not basis for his disqualifying himself. The motion before us is utterly without legal merit and is therefore denied.
Judge Bowen took no part in the preparation of the State’s case, or trial of this cause.
Needless to say, Judge Bowen has refrained from participating in this opinion.
MOTION DENIED.